## Ames Body Corporation v. Vollman.

(Decided May 25, 1923.)

### Appeal from Daviess Circuit Court.

1. Master and Servant—Notice of Compensable Injury Need Not be in Writing.—The requirement of Ky. Stats., section 4914, for a notice of injury to an employe as a prerequisite to proceedings for compensation is directory only in so far as it requires the notice to be in writing, and a verbal notice which brings to the knowledge of the employer that employe had received an injury, together with its general nature and the date of its happening, is sufficient.

2. Master and Servant—Claim for Compensation Held Substantial Compliance with Statute.—Where an injured employe, with the assistance of the secretary of the employer corporation and the attorney for the insurance company, prepared and left with the secretary and the attorney a statement conforming to the re-

quirements of Ky. Stats., section 4914, providing for the filing of written claims with the employer, he had substantially complied with the requirements of the statute, even if the secretary of the company did not mark the claim filed and forward it to the board of compensation, since filing it with the employer corporation was sufficient under Ky. Stats., sections 4915, 4932, 4933.

3.  Master and Servant—Finding on Evidence in Compensation Case Conclusive.—A finding of fact by the board of compensation cannot be disturbed by the Court of Appeals, unless there is no evidence to support it.

CLEMENTS & CLEMENTS for appellant.

JOHN A. DEAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

While in the employment of appellant, Ames Body Corporation, in Owensboro, appellee Vollman received an injury resulting in rupture, which has disabled him, and this is a proceeding by the corporation appealing from an award of the board of compensation in favor of appellee to have his claim and award set aside and disallowed.

Appellant corporation seriously insists that as no notice in writing was given to the employer within a reasonable time after the injury, appellee's claim is barred by limitation as provided in the statutes, sections 4914 and 4915. And further that the employer is not compelled to furnish medical attention, etc., after ninety (90) days from the injury unless time is extended by the workmen's compensation board, and appellee's application for an operation having been made more than ninety (90) days after the injury is barred by limitation, and it relies upon sections 4883 and 4884, Kentucky Statutes.

Appellee Vollman was injured on the 12th of February, 1920. He was obliged to and did lay-off only about two weeks and obtained a truss which he has since used. Immediately after his injury he gave information of the same to the superintendent, general manager, vice-president and president of the corporation, and asked for adjustment. On this information the corporation filled out form 7, provided by the board of workmen's compensation and forwarded it to the board, showing that appellee Vollman was at work for the corporation in Owensboro on February 12, 1920, about 1:30 p. m., and that he received an injury while assisting to remove "a loaded

truck from an elevator;'' and when the injury came, appellee ''felt sharp pain in his groin.'' It further reported to the board that appellant was ''ruptured,'' left side. And answering the question, ''Nature of injury as near as possible?'' the company said, ''Inguinal hernia.'' Before this report was made appellant Vollman had talked with different officials of the corporation concerning his injury and had applied verbally for compensation. He filed no claim with the board of compensation until the 12th of March, 1921, which was more than one year after the injury. For this reason appellant corporation contends that his claim is barred. Section 4914, in part, reads:

''No proceeding under this act for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident.''

Under the same section it insists that no notice in writing was given to the employing corporation of the injury. True, no notice in writing was given, but verbal notice was repeatedly given by appellee Vollman to the officials of the corporation immediately after the accident, and we have held in the cases of Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, and Wilburn v. Auto Exchange, et al., 198 Ky. 29, and in other cases, that any notice, either verbal or written, which brings to the knowledge of the employer the fact that the employe has received an injury arising out of and in the course of his employment, together with its general nature and the date of its happening, will be sufficient. Especially in the latter case did we hold that the requirement of notice was merely directory insofar as it was required to be in writing.

On the 2d day of February, 1921, appellant Vollman, by the aid and assistance of the secretary of the corporation and the attorney for the insurance company carrying the risk for the corporation, prepared and left with the secretary of the corporation and the said attorney of the insurance company a statement conforming in substance to the requirements of section 4914, Kentucky Statutes, providing for the filing of written claims with the employer. In this writing left with the secretary of the corporation and attorney of the insurance company Vollman set forth his name, age and address, the employ-

ment which he pursued and his injury, together with the date of its infliction. He named one or more witnesses and set forth in detail the manner in which his injury took place and its general nature and what he had done to relieve it. He also set forth what he was earning at the time of his injury and what he desired from the corporation. This was signed by John Vollman and witnessed by John S. Pike, attorney for the insurance company.

This statement was a substantial compliance with the requirements of the statutes even if the secretary of the company did not mark it filed and did not forward it to the board of compensation at Frankfort, Kentucky. Filing it with the employing corporation was sufficient under sections 4915, 4932 and 4933, Kentucky Statutes. See also Valentine, et al. v. Weaver, 191 Ky. 37.

The finding of fact by the board of compensation seems to be sustained by the evidence. If it were not so this court is not authorized to disturb it unless there be no evidence to support the finding.

Judgment affirmed.