## Robinson-Pettet Company v. Workmen's Compensation Board, et al.

(Decided January 29, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. **Master and Servant—Compensation Board's Finding of Facts on Evidence Conclusive.**—On appeal from judgment of the circuit court affirming an award of compensation, where the reviewing court is unable to say that there is an entire absence of evidence to support the board's finding of facts, such finding, in the absence of fraud, is conclusive and not subject to review.

2. **Master and Servant—Injury Aggravating Tubercular Condition Held Compensable as Result of Accident—"Results of Pre-existing Disease"—"Results."**—The words "nor shall they include the results of a pre-existing disease," in Workmen's Compensation Act, Ky. Stats., section 4880, do not include the results of an accident, but merely the results of the pre-existing disease, "results" being the ordinary and natural consequences of the disease itself, and not including those consequences which would not have followed if there had been no accident, and therefore an employee previously suffering from tuberculosis of the spine, which condition had become dormant, was entitled to compensation where a fall "lighted" such tubercular condition up, being entitled to compensation to the extent of the disability due to the fall.

3. **Master and Servant—Compensation Act Supersedes Common Law Principles.**—The Workmen's Compensation Act supersedes the common law and creates a different standard of rights and obligations covering the entire field of personal injury as defined in the act, and provides for compensation and not for damages, and common law principles fixing the measure of damages for injuries caused by negligence are no longer applicable or controlling.

EUGENE R. ATTKISSON for appellant.

JAMES A. SPEED for appellees.

ROBERT F. VAUGHAN, SELLIGMAN & SELLIGMAN, NORTON L. GOLDSMITH and ROBERT T. CALDWELL amici curiae.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claim was made by Louis Selzer for compensation for disability alleged to have been caused by an accident while he was in the employ of Robinson-Pettet Company. The workmen's compensation board awarded compensation at the rate of $2.93 a week during total disability not to exceed eight years. On appeal by the Robinson-Pettet Company to the Jefferson circuit court, the finding and award were affirmed, and from that judgment this appeal is prosecuted.

It will not be necessary to state the facts as they are fully set forth in the board's opinion, which is as follows:

"In the month of June, 1920, the plaintiff having forgotten the exact date, claims to have fallen from a ladder in the employer's store, hitting his back in the dorsal region against the counter and his leg against the ladder. Thinking the injury was slight, and that there would be no serious results, he continued his work, but immediately began limping, and observed a general decline in his condition of health until six months later he was compelled to give up his employment, since which time he has been totally disabled. After disability reached the point where the employe had to stop work, an agreement on form No. 9 was filed with the board and compensation was paid for total disability for two weeks, after which the defendant ceased payment. The plaintiff then filed petition with the board for adjustment of claim.

"When three years old plaintiff developed Pott's disease, or tuberculosis of the spine, which resulted in considerable deformity. At the age of six he had sufficiently recovered to permit him to attend the public school. He continued in school until the age of thirteen. At the age of thirteen he procured employment, and worked continuously until January, 1921, when the disability complained of compelled him to cease work. During the last five years he had been employed by defendant, and the evidence shows that he worked practically every day and that his work was satisfactory to the employer.

"Defendant claims that plaintiff's present condition is due to pre-existing disease rather than to the accident complained of. The preponderance of medical testimony, as well as the circumstances in the

case, lead to the conclusion that the tubercular condition had lain dormant until the accident, and that the accident had lighted it up. We must, therefore, determine what per cent of his present disability is due to the injury and what per cent to the pre-existing disease.

"'Where an employe has previously been suffering from tuberculosis of the lungs, which condition had become quiescent, and on the happening of the accident, causing a fractured rib, such tubercular condition is lighted up, compensation is payable for increased disability due to the recurrence of the tuberculosis.' Birk v. Matson Navigation Co., 2 Cal. L. A. C. Dec. 177.

"It is impossible with exact certainty, in cases of this kind, to determine what per cent of disability resulted from the accident and what per cent from the disease. In the instant case, taking into consideration all the facts and circumstances, we conclude that one-fourth of the plaintiff's disability is due to the accident.

"It is agreed that plaintiff's average weekly wages were $18.00. He would therefore be entitled to compensation at the rate of $2.93 a week.

## "STATEMENT OF FACTS.

"As above.

## "RULING OF LAW.

"Where disability is due both to pre-existing disease and to an accident, compensation will be awarded for the per cent of disability due to the accident.

## "AWARD.

"Louis Selzer is awarded compensation at the rate of $2.93 a week, during total disability, not to exceed eight years."

We have carefully considered the evidence on which the board acted, and being unable to say that there is an entire absence of evidence to support its finding of facts, it results that such finding, in the absence of fraud, is conclusive and not subject to review. Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036.

The principal question for decision is the proper construction and application of the words, "Nor shall they include the results of a pre-existing disease," occurring in the proviso contained in section 4880, Kentucky Statutes, the material portion of which is as follows:

> "It shall affect the liability of the employers subject thereto to their employes for personal injuries sustained by the employe by accident arising out of and in the course of his employment, or for death resulting from such accidental injury; provided, however, that personal injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident, nor shall they include the results of a pre-existing disease."

The case has been ably briefed by counsel for both sides, as well as by other counsel who have appeared *amici curiae.* Three views of the question are presented:

(1) The injury is not compensable unless due solely to an accident, and not to an accident acting in conjunction with a pre-existing disease.

(2) Where the disability is due both to pre-existing disease and to an accident, the injury is compensable to the extent of the disability due to the accident.

(3) Where the accident itself is not caused by the pre-existing disease, the injury is compensable without any reduction on account of the disability attributable to the pre-existing disease.

In support of the first proposition it is urged that, under the evidence, no injury nor consequent disability would have resulted from the accident had it not been for the pre-existing disease, and that being true, the injury is the necessary result of the pre-existing disease, and therefore not compensable. The purpose of the act was to provide compensation for personal injuries sustained by employes by accident arising out of and in the course of their employment, and the compensation varies with the duration and extent of the disability caused by the accident. The act applies to all such personal injuries unless excepted by its provisions. While there are other exclusions not here material, the statute in question first provides that personal injury by accident, as therein defined, shall not include diseases except where the disease is the natural and direct result of a traumatic injury by

accident, and then adds, "Nor shall they include the results of a pre-existing disease." The statute does not exclude the results of the accident. It merely excludes the results of the pre-existing disease. The "results" are the ordinary and natural consequences of the disease itself, and do not include those consequences which would not have followed if there had been no accident. Appellee, though afflicted with tuberculosis of the spine, had been in appellant's employ for about five years and had worked practically every day until the time of the accident. From that time on his condition grew worse, and at the end of six months he was totally disabled. The board found upon substantial evidence that his disease had lain dormant until the accident, and that the accident "lighted it up." Doubtless in time the disease would have wholly incapacitated appellee for work, but if, before that time arrived, the disease was aggravated or accelerated by the accident, and he was thereby disabled sooner or to a greater extent than he would have been had it not been for the accident, then there was an additional injury that was not the result of the disease but of the accident, and such injury is compensable to the extent of the disability due to the accident. To sustain the contrary view, we would have to hold that the legislature intended to discriminate between employes who were well and employes who were suffering from a pre-existing disease. No such purpose appears. All that the legislature intended was that the employer should not bear the burden of the results that would have followed from the pre-existing disease, if no accident had occurred.

But it is suggested that, under the common law, appellee would have been entitled to recover for the combined results of the disease and the accident, and that many compensation acts have been construed as having the same effect. The act supersedes the common law and creates a different standard of rights and obligations covering the entire field of personal injury as defined in the act. It provides for compensation and not for damages, and common law principles fixing the measure of damages for injuries caused by negligence are no longer applicable or controlling. Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 Pac. 491, Ann. Cas. 1917E 390; Andrejwski v. Wolverine Coal Co., 182 Mich. 298, 148 N. W. 684, Ann. Cas. 1916D 724. Nor are the decisions of other states of any assistance because none of

them have statutes similar to ours. As before stated, the case turns on the construction of our own statute. It contains no language indicating any purpose to exclude the results of a pre-existing disease only in case the pre-existing disease caused the accident. The language, "nor shall they (injuries) include the results of a pre-existing disease," is unqualified, and any disability due solely to a pre-existing disease must be regarded as the result of such disease.

As the action of the workmen's compensation board was in accord with the views herein expressed, it follows that the award was properly affirmed by the trial court.

Judgment affirmed.