## Northeast Coal Company, et al. v. Castle.

(Decided March 25, 1924.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Compensation Board's Findings on Evidence Conclusive on Appeal.—Conclusions of law of the compensation board are reviewable on appeal to the circuit court, but findings of fact are conclusive there, unless there is an entire absence of evidence to support them.

2. Master and Servant—Compensation Board's Finding of Effect of Failure to Notify Employer of Injury Held Conclusive.—A finding of the compensation board that if notice of the injury had been given and a prompt examination had been made soon after the accident the examination would have disclosed whether employee's disability was the result of the injury or resulted from pre-existing disease and that if the injuries had been promptly and properly treated, the probabilities are that their development into tuberculosis would have been largely arrested, held conclusive on appeal, there being some evidence to support it.

3. Master and Servant—Compensation Claimant's Failure to Give Notice of Injury Held Prejudicial.—Failure of compensation claimant to give prompt notice of injury, held prejudicial under Ky. Stats., sections 4914, 4915, where the failure prevented the employer from determining whether a tubercular condition was due to the alleged injury.

4. Master and Servant—Failure to Give Notice of Injury Held Not Occasioned by "Mistake or Other Reasonable Cause."—Where employee asked his brother to notify employer of his injury, and then let the matter rest without even taking the trouble to inquire of his brother whether the notice had been given, held, that failure to give notice was not occasioned by mistake or other reasonable cause within Ky. Stats., section 4915.

AUXIER, HARMAN, FRANCIS & HOBSON for appellents.

JOHN W. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Northeast Coal Company was operating under the Workmen' Compensation Act, and its employe, Roy

Castle, also had accepted its provisions. On July 16, 1920, he applied to the Workmen's Compensation Board for compensation for an injury alleged to have been received on December 28, 1919. The board rejected his claim and he appealed to the Johnson circuit court, which allowed his medical and hospital bills, and compensation at the rate of $10.00 per week for a period not exceeding eight years. From that judgment this appeal is prosecuted.

The board's finding of facts and conclusions of law are as follows:

"FINDINGS OF FACT.

"1. Plaintiff, Roy Castle, was injured on or about December 29, 1919, while in the employ of defendant by being struck on the right hip by a piece of coal falling from the roof of the mine in which he was at work as a coal loader.

"2. Plaintiff is permanently and totally disabled by reason of the condition of his hip.

"3. A few days after the accident the plaintiff directed his brother, McKinley Castle, to report same to the defendant, and the said McKinley Castle forgot to do so.

"4. The defendant had no notice of said accident until the latter part of April, 1920.

"5. If a prompt examination of plaintiff's injuries had been made soon after the accident, such examination would have disclosed whether the plaintiff's disability was the result of the injuries sustained by him or resulted from pre-existing disease; and if plaintiff's injuries had been promptly and properly treated at the time of their occurrence the probabilities are that their present development would have been largely arrested.

"6. The plaintiff's disability is the result of tuberculosis and did not develop as the natural or direct result of the injuries sustained by him."

"RULINGS OF LAW.

"1. Plaintiff was injured by an accident arising out of and in the course of his employment.

"2. The failure of plaintiff's brother to notify defendant of the accident in which plaintiff was injured, after having been directed by the plaintiff to do so, is not such 'mistake or other reasonable cause'

under the circumstances of this case as to excuse the failure to give the notice as soon as practicable after the accident, the rights of the defendant being prejudiced by the failure to receive such notice.

"3.   If it be assumed that a recovery of compensation may be had for a disability caused by a tubercular condition of the bone developing subsequent to a traumatic injury thereto, upon the ground that such tubercular condition would never have developed in plaintiff's system but for the injury sustained by him, nevertheless the plaintiff can not recover in this case, for the reason that the evidence leaves it to speculation as to whether or not such condition might have developed without being brought on by the injury sustained by the plaintiff.

"4.   The evidence showing that if plaintiff's system had been free from tuberculosis prior to the injury sustained by him, it would not have been possible for tuberculosis to have developed from the injury alone, the plaintiff must be denied compensation for disability resulting therefrom, as that disease cannot be treated as the natural and direct result of a traumatic injury by accident, but plaintiff's disability must be treated as arising from the result of a pre-existing disease."

According to the evidence for appellee, he was injured twice by being struck on the hip by a lump of coal. The first injury occurred in July, 1919, and the last, for which compensation was asked, on December 28, 1919. None of the company's employes knew of the injuries, and he made no report nor complaint thereof to the company.   He does say that after the second injury he told his brother to inform the company, and his brother says that this is true, but that he forgot to comply with the request.   In the month of April, appellee's mother came to the company's office for the purpose of collecting funds with which to send him to the hospital, and the officers then learned for the first time of his alleged injury.   At that time he had tuberculosis of the hip, and his condition was incurable when examined by certain physicians. Dr's. Salmon and Kercheval, who examined him, testified that they found no evidence of a traumatic injury, and gave it as their opinion that his condition was not due to an injury of that kind.   Dr. Marting, of Ironton, Ohio, who examined appellee some time after his injury, could not say that the tubercular germ was caused to increase and grow

by reason of the injuries received by appellee, but added that had he examined him at the time the injuries were received, he could answer that question without hesitation. He also said that if the injuries were rather severe, he would look upon them as being at least a causative factor.

The case seems to have been tried in the circuit court on the theory that all questions of law and fact were reviwable by the court. Such is not the law. Conclusions of law are reviewable, but findings of fact are conclusive unless there is an entire absence of evidence to support them. Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275.

Under the statute, a proceeding for compensation cannot be maintained unless written notice of the accident stating certain facts not here material, shall have been given to the employer as soon as practicable after the happening thereof (sections 4914, 4915, Kentucky Statutes), subject, however, to the further provision that such notice shall not be held invalid or insufficient by reason of any inaccuracy in complying with section 4915, unless it be shown that the employer was in fact misled to his injury thereby, and that want of notice, or delay in giving notice, shall not be a bar to proceedings under the act, if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause. The board found, as a matter of fact, that if a prompt examination of appellee's injuries had been made soon after the accident, such examination would have disclosed whether appellee's disability was the result of the injury sustained by him or resulted from pre-existing disease, and further that if appellee's injuries had been promptly and properly treated at the time of their occurrence, the probabilities are that their present development would have been largely arrested. There being some evidence to support this finding, it results that the finding is conclusive.

It remains to be determined whether the board's conclusions of law on the question of notice were proper. One of its conclusions was that the failure to give notice was prejudicial to appellant. As no other person was present when the alleged injury was received, and as the company did not learn of it until too late to determine whether the tubercular condition of appellee's hip which afterwards developed was due in any respect to the al-

leged injury, there can be no doubt that the failure to give notice put it out of the power of the company to present a defense which might have proved decisive of the claim. That being true, we concur in the ruling of the board that the failure to give notice was necessarily prejudicial.

A further conclusion of law was that the failure to give notice was not occasioned by mistake or other reasonable cause. According to appellee, he asked his brother to notify the company, but his brother forgot to do so. It is not contended that appellee was too ill to inquire whether the notice was given, and to send another in case his message was not delivered. The case is simply one where he entrusted the giving of a verbal notice to his brother, and then let the matter rest without even taking the trouble to inquire of his brother whether the notice had been given. Should these circumstances be deemed sufficient to show that the failure to give notice was occasioned by mistake or other reasonable cause, it would result in a practical nullification of the statute. We, therefore, concur in the ruling of the board.

As notice was necessary, and it was not shown that the failure to give notice was occasioned by mistake or other reasonable cause, it necessarily follows that appellee's claim for compensation was properly dismissed by the board, and that its award should have been affirmed by the circuit court.

This conclusion makes it unnecessary to consider the other conclusions of law made by the board.

Wherefore, the judgment is reversed and cause remanded with directions to enter judgment in conformity with this opinion.