## Employers' Liability Assurance Corporation, et al. v. Gardner, et al.

(Decided July 1, 1924.)

### Appeal from Franklin Circuit Court.

1. Master and Servant—Compensation Board's Finding of Facts on Evidence Conclusive.—Unless there is an entire absence of substantial and credible evidence to support workmen's compensation board's finding of facts, Court of Appeals, in absence of fraud, cannot disturb it.

2. Master and Servant—Compensation Board Must Determine Percentage of Disability Due to Injury and Percentage Due to Pre-existing Disease, and Apportion Award.—Where injury was accelerated and aggravated by pre-existing disease, and both contributed concurrently to produce total disability, it was necessary that board decide what percentage of total disability was due to accidental injury, and apportion the award accordingly.

3. Master and Servant—Court of Appeals may Order Continuance of Compensation Award Notwithstanding Supersedeas.—Under Workmen's Compensation Act, sections 53, 55 (Ky. Stats., sections 4936, 4938), Court of Appeals could continue award of compensation pending appeal notwithstanding supersedeas.

POLK SOUTH, JR., for appellants.

LESLIE W. MORRIS, W. B. MOODY and FRANK E. DAUGHERTY, Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee Gardner was employed as a lineman by appellant, Independent Long Distance Telephone & Telegraph Co., and both had accepted the provisions of the Workmen's Compensation Act. On June 5, 1922, while lifting a cable into its hangers at the top of a pole, appellee felt a "slip in his back," as he describes it. He at once climbed down off the pole, removed his climbers, and within less than 24 hours was completely paralyzed from his waist down. He filed his application for compensation with the compensation board, which awarded

him $13.65 a week for not exceeding eight years, which is the maximum they could have allowed him for total disability. The circuit court affirmed the award, and the employer and its insurance carrier have prosecuted this appeal.

Appellants complain (1) That the board's finding of facts is not sustained by the evidence, (2) that the award is not sustained by the finding of facts, and (3) that this court erred in continuing the award in force pending the appeal.

The board found the facts to be:

"On June 5, 1922, claimant was employed by and working for the Independent Long Distance Telephone Company. He was working on a pole assisting in lifting a cable to its proper position when he strained his back. Within 24 hours thereafter the injured empoye became paralyzed from his waist down and since said date has been continuously unable to work. At the time of the injury, claimant was suffering from a pre-existing disease known as syphilis, and the injury was accelerated and aggravated by this pre-existing disease, and both the injury and the disease contributed concurrently and effectively to produce the condition resulting from the accidental injury.

"The accident occurred while claimant was doing the work required of him under his contract of employment, and arose out of and in the course of his employment.

"The average weekly wage of injured employee was $21.00 and both employe and employer had at the time and prior thereto elected to accept and operate under the Workmen's Compensation Act."

1. Unless there is an entire absence of substantial and credible evidence to support the board's finding of facts, this court, in the absence of fraud, cannot disturb it. Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; Ames Body Corp. v. Vollman, 199 Ky. 358, 251 S. W. 170; Robinson-Pettet v. Workmen's Compensation Board, etc., 201 Ky. 719, 258 S. W. 318.

There is no claim of fraud, and the evidence is ample in this case, under the above rule, or any other for that

matter, to support the board's finding of facts, and appellant's first contention is clearly without merit.

2.   But not so with the second.   It will be noticed it was found to be a fact that the accidental injury and pre-existing disease "contributed concurrently and effectively" to produce appellee's condition, and that he is totally disabled.   But the board did not decide what percentage of his total disability was due to the accidental injury and apportion the award accordingly, as this court expressly held was proper under like facts in Robinson-Pettet Co. v. Workmen's Compensation Board, *supra,* where the authorities and reasons for that conclusion may be found.   On the contrary, it awarded appellee the full amount to which he would have been entitled had his disability been attributable to the accidental injury alone.

Hence the award was not warranted by the board's finding of facts, and the circuit court therefore erred in affirming it.

3.   Appellants' authority to supersede the circuit court's judgment affirming the award is found in section 53 of the act (4936 of the statutes), which provides that:

"The procedure as to appeal to the Court of Appeals shall be the same as in civil actions, so far as the same may be applicable to and not in conflict with the provisions of this act,"

with several named exceptions.   As in those exceptions nothing is said about superseding the judgment, it may be done, but, as stated above, only "so far as the same may be applicable to and not in conflict with the provisions of this act."

As section 55 of the act expressly confers upon "the court to which an appeal is taken" the discretion to continue the award pending the appeal upon motion and a sufficient showing of reason or necessity therefor, it is clear this court had the authority to make such an order in this case, notwithstanding the supersedeas, provided the proper showing was made.

We do not understand counsel for appellants to contend the showing was not sufficient, as clearly it was, but only that we did not have the power to make the order after they had superseded the judgment, and we need not therefore refer to the evidence on this question.

Wherefore the judgment is reversed, which fact will be certified to the circuit court, and the cause is remanded to the compensation board for determination of the percentage of the total disability attributable to the accident and for adjustment of the award accordingly.

Judge O'Neal not' sitting.