# Kingston-Pocahontas Coal Company v. Maynard.

### (Decided May 29, 1925.)

## Appeal from Pike Circuit Court.

1. Master and Servant—Compensation Board's Findings of Fact on Evidence Conclusive.—Where there is no claim of fraud, workmen's compensation board's findings of fact are conclusive, unless there is an entire absence of evidence to support them.

2. Master and Servant—Notice of Injury Held Sufficient Under Compensation Act.—Employe, who gave notice of his injury within a few minutes thereafter to assistant mining foreman, who was his immediate superior, and at that time directing his work, sufficiently complied with Workmen's Compensation Act as to giving notice of injury.

3. Master and Servant—Finding of Compensable Injury Sustained.— Evidence held to sustain finding of workmen's compensation board that injury to employe arose out of and in course of his employment.

4. Master and Servant—Evidence Held Not to Sustain Compensation Board's Finding of Total Disability Caused by Injury.—Evidence held not to sustain finding of workmen's compensation board that employe's total disability was caused by an injury arising out of and in course of his employment, and not from a pre-existing disease.

5. Master and Servant—Compensation Board Must Apportion Award, where Disability Not Caused Solely by Injury.—Where disability sustained by employe suffering from pre-existing disease, is not caused solely by an injury arising out of his employment, workmen's compensation board must apportion the award.

6. Master and Servant—Application for Compensation Held Not at Fatal Variance with Proof.—That employe's application for compensation, under Workmen's Compensation Act, described his injury without any reference to cause thereof, as detailed in his proof, held not a fatal variance, where both application and proof referred to same occurrence.

7. Master and Servant—Sufficiency of Application for Compensation Not Determined by Strict Rules of Pleading.—Although employe's application for compensation for injuries, under Workmen's Compensation Act, serves somewhat same office as does a petition in an action at law, its sufficiency is not to be determined by strict rules of pleading.

CLIFFORD E. SMITH and PRICHARD & MALIN for appellant.

W. G. W. RIDDLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the employer from a judgment of the Pike circuit court, affirming an award of the workmen's compensation board, in favor of the employe. The fourfold complaint of the appellant is, that the evidence does not sustain the board's findings of fact: (1) That the claimant gave notice of his injury as required by the compensation act; (2) that the injury arose out of and in the course of his employment; (3) that such injury proximately and solely caused his disability, and (4) that the evidence proves a different injury, if any, from that alleged in the application for compensation.

As it is admitted that both parties had accepted the provisions of the compensation act, and there is no claim of fraud, the board's findings of fact are conclusive, unless there is an entire absence of evidence to support them. Robinson-Pettit Co. v. Workmen's Compensation Board, et al., 201 Ky. 719, 258 S. W. 318; Beaver Dam Coal Co. v. Hopper, 202 Ky. 398, 259 S. W. 1010; Northeastern Coal Co. v. Castle, 202 Ky. 505, 260 S. W. 336.

Appellee testified he gave notice of his injury within a few minutes thereafter to Crit Thornhill, the assistant mining foreman, and that Thornhill was his immediate superior and at that time directing his work. This was a sufficient notice of the injury, under the provisions of the compensation act. Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467.

Appellee also testified that about 11 a. m. Saturday, July 8, 1923, while engaged in building a battress wall in appellant's mines, a rock weighing 15 or 20 pounds that he had just lifted and placed in the wall, fell upon him and, striking him a glancing blow on the head, rolled down his right side and leg; that it left no mark or bruise upon his body, but that immediately afterward, he notified Thornhill of the accident, left his work and went home; that he had a severe headache and "felt bad" continuously thereafter until the next morning about 7 o'clock, when he suffered a stroke of paralysis.

This certainly is some evidence of an injury to appellee, arising out of and in the course of his employment, and it is clear that neither of appellant's first two complaints can be sustained.

In addition to the foregoing evidence, plaintiff stated that at the time of and previous to his injury he

was an able-bodied man, in good health, capable of earning his living by manual labor, and that for nine months next before his injury he had worked for defendant in its mine at all times when the mine was operated; that he "never had any trouble at all" in doing his work, and had suffered no injury prior to the one of which he complains; that he was not aware of any pre-existing disease, and had not found it necessary to consult a physician in regard to his physical condition; and that since the accident he had been totally incapacitated.

He did not introduce any physician or in any way attempt to prove that the stroke of paralysis resulted proximately or solely from the injury received in appellant's mine the day before, except by his own recital of the sequence of events, coupled with his statement that his health had been good prior thereto.

The appellant, by three physicians who qualified as experts, proved that the paralysis was due to apoplexy, which could not have resulted solely from the injury received in the mine, in view of the fact that there was no fracture of the skull and the paralysis did not develop until about twenty hours after the injury. They examined appellee after the paralysis, and found his blood-presure dangerously high, and that his arteries were hardened and very brittle. They stated that these conditions usually developed very slowly, and gave it as their opinion that same could not have been caused by the accident described by appellee, and that his stroke of apoplexy, occurring about twenty hours after the injury, was the result of his physical condition and natural causes rather than the accident, but they admitted that either the strain of lifting the rock into the wall, or its striking plaintiff as it fell therefrom, might have been a contributing cause of the stroke of apoplexy and the resultant paralysis, which admittedly renders plaintiff totally disabled.

Hence there was some evidence, at least, that plaintiff's disability resulted proximately from the injury he received in the course of his employment, but no evidence whatever that it resulted solely therefrom, unless such an inference is reasonable from the mere sequence of events and plaintiff's apparent good health theretofore.

That such an inference is not reasonable in the face of uncontradicted expert opinion to the contrary seems to us apparent, since the question is necessarily one beyond the realm of common knowledge, and exclusively

within the domain of expert opinion. We are, therefore, of the opinion that there was no evidence to support the board's finding of fact that appellee's total disability "was brought about entirely from an injury suffered by him in an accident that arose out of and in the course of his employment in the mines of the defendant, and not from a pre-existing disease."

It results, therefore, that the finding of the board that the disability was caused solely by the injury cannot be sustained. In such circumstances it was the duty of the board to have apportioned the award. Robinson-Petit Co. v. Workmen's Compensation Board, *supra;* Employers' Liability Assurance Corp. v. Gardner, 204 Ky. 216, 263 S. W. 743; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50.

Appellant's final contention is that there is a fatal variance between appellee's application for compensation and his proof. This is based upon the fact that in his application, made out on form No. 11, prescribed by the board, he answered the question, "How did accident occur? Describe in detail," by stating, "Over-exertion caused rush of blood to head, which produced partial apoplexy, which next day terminated in palsy of right side," without any reference to a rock having fallen upon him at the time, as detailed in his proof.

It is also true, however, that both the application and the proof refer to the same occurrence, and the mere fact that it was not described so accurately or fully in the application as in the evidence does not, in our judgment, constitute a variance, or afford any reason for disturbing the award.

Although the application is the basis of the claim to be heard and tried out by the board, and therefore serves somewhat the same office in such a proceeding as does a petition in an action at law, its sufficiency is not to be determined by strict rules of pleading. Johnson et al. v. Hady-Burlingham Mining Co., 205 Ky. 752, 266 S. W. 635.

Wherefore, for the reason indicated, the judgment of the circuit court affirming the award of the compensation board is reversed, and the cause is referred to the board with directions to determine the extent to which appellee's injury and his pre-existing disease contributed to his disability, and apportion the award accordingly.