## Hazard Blue Grass Coal Corporation v. Gilbert Clemens and Workmen's Compensation Board.

(Decided June 9, 1925.)

### Appeal from Perry Circuit Court.

1. **Master and Servant—Compensation Board's Finding on Evidence Conclusive.**—Unless there is an entire absence of substantial and credible evidence to support finding of facts of workmen's com-

pensation board, Court of Appeals, in absence of fraud, cannot disturb it.

2.  Master and Servant—Finding of Disability of Compensation Claimant Sustained.—Finding of fact of workmen's compensation board that compensation claimant, suffering from ankylosed condition of ankle and foot as result of injury, was totally disabled, for a specified period and disabled to extent of 50 per cent for an added period held supported by credible evidence.

FAULKNER, STANFILL & FAULKNER for appellant.

NAPIER & HELM for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellee, Gilbert Clemens, was awarded compensation by the workmen's compensation board at the rate of $15.00 a week for total disability, from January 12, 1922, to March 11, 1923, and thereafter at the rate of $6.00 a week for fifty per cent impairment until further order of the board. Appellant, Blue Grass Coal Corporation, appealed from the award so made to the Perry circuit court. The judgment of that court confirmed the award made and this appeal has been prosecuted.

It is conceded that appellee was employed by appellant, that they both were operating under the provisions of the Kentucky workmen's compensation act, and that appellee was injured "by accident arising out of and in the course of his employment." The sole ground upon which appellant seeks to reverse the award made by the compensation board is that it is not supported by any evidence, in that upon the hearing no evidence was introduced for appellee tending to establish that he was totally disabled for the period of time he was compensated as totally disabled, or that he was disabled to the extent of fifty per cent during the time he was compensated as being fifty per cent disabled, as found by the award.

In Employers' Liability Assurance Corporation, et al. v. Gardner, et al., 204 Ky. 216, the rule was thus written:

"Unless there is an entire absence of substantial and credible evidence to support the board's finding of facts, this court, in the absence of fraud, cannot disturb it. Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Valentine v. Weaver, 191

Ky. 37, 228 S. W. 1036; Ames Body Corp. v. Voll-
man, 199 Ky. 358, 251 S. W. 170; Robinson-Pettet v.
Workmen's Compensation Board, etc., 201 Ky. 719,
258 S. W. 318.''

The uncontradicted evidence discloses that while
working for appellant and on or about January 12, 1922,
appellee, while loading coal, was injured by a fall of
slate from the roof of the mine. One of the bones of
one of his ankles was fractured, causing the chief in-
jury. A temporary dressing was first applied. The fol-
lowing day the ankle was bandaged in splints, and some
eight or ten days later a plaster of Paris bandage was
applied. It remained for some thirty days and then was
removed and replaced. Appellee was treated by the phy-
sicians employed by appellant during this time and was
subsequently sent to Lexington, Kentucky, and treated
there for a while. At the time of the hearing before
the workmen's compensation board, appellee was still
walking on crutches, and testified that due to the stiff-
ness of his ankle joint and the pain he suffered when
attempting to walk unsupported he was able to walk
only by using crutches. Appellee was examined in the
presence of the member of the workmen's compensation
board who heard this case, by two or three physicians,
and the ankylosed condition of the ankle and pedal digits
was fully demonstrated to the board by that examination.
A physician and surgeon introduced as a witness for
appellee testified that he had examined him that day,
described the ankylosed condition of his ankle and foot,
and testified that for purposes of farm labor, in his judg-
ment, appellee's injuries impaired him twenty-five per
cent and that his injuries as relating to the work in
which he was employed when injured (coal loading in
a coal mine) impaired him fifty per cent. Some two or
three physicians and surgeons testified for appellant
as to having examined appellee, and they placed the im-
pairment of his ability to labor at fifteen per cent. How-
ever, they all conceded the ankylosed condition of his
ankle and foot as the result of the injury, but expressed
the opinion that that condition would improve with use,
but all agreed that it would never be restored to its
former condition. In that state of case it can not be
held that there was no credible evidence to support the
finding of fact by the compensation board. The ques-
tion, of course, is subject to review and such change at

the hands of the workmen's compensation board as changed conditions may warrant.

Perceiving no error in the judgment appealed from it is therefore affirmed.