## McKinney Steele Company v. Lewellen.

(Decided April 24, 1928.)

### Appeal from Pike Circuit Court.

1  Master and Servant.—Under Workmen's Compensation Act (Ky. Stats., secs. 4880-4987), an award by the compensation board is final so far as the question of fact is concerned, if there are any facts to support the award.

2.  Master and Servant.—Where, on the morning following employee's injury, he stated to his foreman that he thought he had been injured by work done the preceding night while engaging in an effort to replace a machine on track which had been wrecked, such statement held, under Ky. Stats., sec. 4914, and in view of section 4915, a sufficient notice to employer of the injury.

On Motion to Tax Costs.

3.   Costs.—On motion to tax costs against appellee for his failure to
     file a brief within the time required by Court of Appeals Rule V,
     sec. 5, the costs to be taxed are, under section 7, those incurred
     in the Court of Appeals between the time of the filing of the appeal
     and that of the filing of the brief.

JOHNSON & HINTON for appellant.

STRATTON & STEPHENSON and TUGGLE & TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The Workmen's Compensation Board made an award to the appellee, Virgil Lewellen, for a traumatic hernia received in the course of his employment while working for appellant. A review was asked by appellant in the circuit court, where the award of the board was confirmed. We are asked to reverse the judgment of the circuit court. It has been written so many times by this court that the award made by the Workmen's Compensation Board is final so far as the question of fact is concerned, if there are any facts to support the award, that we will cite no authorities on that point. There was evidence in this case showing, or at least tending to show, that the appellee received the injury in the course of his employment. No purpose would be served by taking space to detail the evidence.

But appellant argues that no sufficient notice was given as is required by section 4914, Ky. Stats. It has been held by this court that the requirement of prompt written notice is directory. Wilburn v. Auto Exchange, 198 Ky. 29, 247 S. W. 1109. In that case this court construed sections 4914 and 4915, Ky. Stats. It was there held that any fact or circumstance which brings to the attention of the employer or his principal representative knowledge that the employee has received an injury will be sufficient. In the case of Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34, this court held that, where the employee testified that he gave notice of his injury within a few minutes thereafter to the assistant mine foreman who was his immediate superior, and at the time directing his work, the notice was sufficient, and cited in support of the opinion the case of Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467. In the case of Elkhorn Coal Co. v. Combs, 214 Ky.

636, 283 S. W. 1007, it was held that, where the foreman directing the work of the employee witnessed the accident, it was sufficient notice of the injury.

Appellee testified in this case that he was injured working at night while engaged in an effort to replace a machine on the track which had been wrecked. The next morning, upon returning to his work, he told the foreman directing his work that he believed he was injured the night before while engaged in trying to lift the wrecked machine, and that he felt he was unable to work. The foreman directed him to go ahead with his work. He testified that he told the foreman that he believed he had hurt himself in trying to lift the cutting machine, and that he advised him that while he was so engaged he "got a stinging in my side." The foreman admitted that he met appellee the next morning after he claimed that he was injured, but denied that appellee told him that he had received an injury, but admitted that appellee told him he was sick, assigning some reason other than an injury for his illness. Another witness testified that he met the foreman on the day following the night on which appellee claimed to have been injured, and that the foreman told him that appellee had reported that he believed he had hurt himself the night before on the cutting machine. This is all the evidence relating to notice. Under the authorities cited above, the notice was sufficient.

Judgment affirmed.

## On Motion to Tax Costs.

Appellant has moved this court to tax the costs of this appeal up to the date of the filing of the appellee's brief against him because of his failure to file that brief within the time required by section 5 of Rule V of this court. This motion will have to be sustained though not to the extent that appellant insists. The costs to be taxed against appellee are those costs incurred in this court between the time of the filing of this appeal and that of the filing of the brief. Such is the meaning of the penalty provided in section 7 of Rule V.