## University of Kentucky et al. v. Combs.

(Decided Dec. 20, 1935.)

834

O. H. POLLARD and R. L. POLLARD for appellants.
SOUTH STRONG and C. C. TURNER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Breathitt circuit court, reversing the holding of the Workmen's Compensation Board, which refused appellee's application, upon reopening his case for alleged change of condition, for an increase of compensation therefor, as held authorized by the evidence introduced, showing a change of appellee's condition to one of total permanent disability, which had arisen after its earlier award for permanent partial disabliity.

The record discloses that the University of Kentucky conducted, under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), what is known as its Robinson Experiment Station in Breathitt county. In the operation of this station, it maintained a forestry crew for the purpose of making surveys of large tracts of land held under its control in Eastern Kentucky. Henderson Combs was on July 9, 1928, employed by the University as a member of its forestry crew in Breathitt county, when he received in the course of his employment the accidental injury to his leg out of which the controversy over his compensation claim therefor (here presented) arose.

On the day of his injury, Combs was engaged, a short distance in advance of the surveying crew, in clearing away underbrush for them, when he fell over a small cliff some 4 or 5 feet high, skinning and bruising the shin of his right leg on a log in the fall. This injury was at first lightly regarded by Combs and the crew, but within about a week, his condition assuming a more serious appearance, he was taken by the head of the crew first to a local doctor, and later to one at Jackson, for treatment of his wounded leg, which he continued thereafter, for some time, to periodically receive.

Later, Combs' injury not having been relieved by this treatment, he filed his complaint with the Workmen's Compensation Board (it being stipulated that both plaintiff and defendant had accepted and were

operating under the Compensation Act), seeking compensation for his disabliity incurred through having injured his leg in the course of his employment, as stated, when, after hearing and trial, the board found that he had sustained a permanent partial disability of 20 per cent. to the body as a whole as the result of the accidental injury to his leg on July 9, 1928; and ordered that he be awarded compensation therefor, based upon his wage of $15 per week, or $1.95 per week for 335 weeks, with interest on past-due payments. Thereafter, in February, 1930, this award was paid to Combs in a lump sum with the approval of the board.

Soon after this, the claimant Combs becoming totally disabled, he filed motion with the board to reopen the case on the ground of change of condition, reciting therein that his then condition, resulting from his prior injury, had become much worse than it was at the time of its earlier hearing and award of compensation made him for partial permanent disability, and that he had subsequently become totally and permanently disabled, which prevented him from performing any manual labor. With and in support of this motion for rehearing was filed the statement of claimant's physician Dr. O. H. Swango, setting forth that he had been treating claimant for several months for said leg injury, which "appeared to improve at times and get worse at times," and by reason of which he thought that "his circulation takes up poison from broken down tissues, causing a general poisoning of his system, disabling him from any manual labor."

Sustaining the motion, the case was thereafter, on May 6, 1930, ordered reopened and redocketed for trial and hearing.

The appellee contends that the only issue involved upon this rehearing and trial was as to whether there had in fact been a change of condition, as claimed suffered by appellee, since the board's former award made him of compensation for a disability due to a traumatic injury, and that the board erroneously considered (according to appellee's contention) not only the question of change of condition, but also evidence as to whether his prior found disability was in fact caused not only by traumatic injury but by pre-existing disease, or was wholly due to existing disease, and in

support of such contention appellant introduced the testimony of its expert witness, Dr. Kerns, who testified that his diagnosis of claimant's condition, based upon his examination of him, was that the claimant's then condition or changed condition (admitted to·exist) was the result not of his previous traumatic injury received, but of pre-existing disease or independent subsequent disease. Further, it is contended by appellee that even if such scope of inquiry be allowed, there was no such substantial or creditable evidence adduced by the appellant as tended to sustain its claim and which authorized the board's finding that appellee's present condition is proximately caused by disease.

In support of this, the appellee contends that the evidence clearly shows that when the injury occurred, he was 42 years of age and in perfect physical condition; that he had been at work with the University crew, in the same capacity, for some three years, without ever missing a day's work; that he was an active, vigorous mountain man; that he had never had any prior injury or illness of any moment during his life; that if he ever had any disease or tendency towards a disease, neither he, his friends, nor his family knew it; and, further, he insists the evidence showed that at the time of his application for reopening of his case, his condition had changed for the worse, in that he was confined to his bed, he had no use of his right leg, which had been injured as stated, could only walk with the aid of crutches, was suffering smothering spells of a serious nature, and was further shown by all the evidence to be a total wreck. Upon such showing, he insists it is made clear that his changed conditon must necessarily have followed as the result of his leg injury, previously found to have alone caused the partial disability for which awarded compensation.

Conceding arguendo that such was the effect and substance of the evidence given for plaintiff upon the hearing, the same was contradicted by the evidence of appellant's witness, Dr. Kerns, who states that he made a trip from Louisville to claimant's home in Breathitt county for the express purpose of making a thorough examination of him and a careful diagnosis of his condition, which he made after the history of the case was given him by claimant, and that he found him suffering with myocarditis, an inflammatory condition of the

heart muscles. Further, the question was asked him, "From your examination, taking into consideration the history of the case as given you by Combs, state whether in your judgment his present condition is due to traumatic injury or to the accident he claims he had?" to which he answered, "I don't think so from the physical findings that were adduced at the time of that examination." And again, upon cross-examination, in answer to the question asked, "Doctor, you cannot say nor you will not attempt to say that this injury to Mr. Combs' leg as he complains of did not contribute or cause his present condition, will you?" he stated:

"From the standpoint of a surgeon and diagnostican I fail to see the connection between them from the technical side."

This evidence, heard upon the reopened case, certainly constitutes some evidence before the board to support its finding of fact that claimant had not sustained the burden of proof the law placed on him, to show by the preponderance of the evidence that the disease afflicting the claimant was the direct result of his traumatic injury by accident or was an acceleration of a pre-existing disease caused thereby. Further, it found upon this evidence that the claimant's disability was due to the subsequent diseases with which he was by it shown to be then disabled, and not the result of the earlier traumatic injury received by him in July, 1928, and upon such ground denied the claimant the increased compensation asked.

Upon appeal taken from this adverse ruling of the board to the Breathitt circuit court, it ordered and adjudged that there was no evidence in the record to support the finding of the Compensation Board, and that compensation should have been awarded the plaintiff Combs on the evidence, by reason of the alleged injury sustained. Further, it adjudged that the evidence in the case authorized the finding of total permanent disability

From this judgment this appeal is prosecuted. It attacks the court's judgment upon the grounds that the findings of facts made by the Compensation Board, upon this evidence heard, where there is no claim made of fraud or mistake, is conclusive on the circuit court, and its finding not subject to review unless there be an en-

tire absence of evidence to support it and further that the appellee, in seeking an additional award on account of changed conditions, had the burden of establishing by competent evidence both that the changed condition in fact existed and also that if it existed that the changed disability was the direct result of the traumatic injury for which·the previous award was made, and not the result of pre-existing or existing diseases, as found by the board, for which compensation is not allowable under the provisions of section 4880, Ky. Stats.

In our consideration of the merits of this appeal and in determining what questions were properly before the board upon its hearing of the reopened case, the provisions of section 4902, Kentucky Statutes, authorizing a reopening of a case, may first be helpfully noted. The provisions of that section are as follows:

> "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award."

In view of so extensive an authority as is here shown given the board in its hearing of a case reopened by it, we are led to conclude that the appellee's contention that the board, in its hearing of the reopened case, was limited to the hearing of evidence upon the one issue as to whether or not the plaintiff's condition of disability had become worse or had changed after its previous hearing and award made him, for a traumatic injury, is not to be sustained. True it is that upon such prior hearing of the case the board, upon the evidence then heard, found that claimant was suffering a 20 per cent. disability of the whole body, caused by the traumatic injury of his leg. Upon the board's rehearing of this case, when ordered reopened upon the claim made of a change in claimant's condition, from partial to one of permanent total disability, the quoted statute authorized the board·to review its earlier award or order, and to end, diminish, or increase the compensation previously awarded, or to change or revoke its previous

order, upon a showing made of change of condition, mistake, or fraud. No charge is here made that the previous order of the board, awarding claimant compensation for a partial disability directly caused by the traumatic injury of his leg, was obtained by mistake or fraud, but only is it contended that, since the makng of such an award, claimant's condition has changed for the worse. The board has, upon its review of the case, not decided that its previous finding, that claimant's then disability was caused by a traumatic injury received and that he was at such time entitled to receive the compensation awarded, was a mistaken or erroneous finding of the then existing facts. But it was found, upon its rehearing of the reopened case, that while the claimant's present disability is total rather than partial, and is in such respect different or represents a change for the worse from his former condition, as found by it, it now further finds this total disability is solely caused by and is due to a subsequently arising heart disease, with which plaintiff is now afflicted, and that his admitted present total disability is not the result of his former traumatic injury, or even connected with it nor is it contributed to by such previous leg injury, as to which there was evidence before the board that the same had healed and that claimant's present helpless condition was due to his affliction with myocarditis.

Such being its finding of fact, it followed that it was authorized to further find, as a matter of law, that plaintiff had not maintained the burden assumed in seeking additional compensation for a change in his condition, either as produced or accelerated by his previous leg injury. The board's holding upon this question of law was that it could not make claimant the award asked for a change of condition alleged produced by and resulting from the one claimed original cause of his traumatic injury, where it differently found as a matter of fact that the claimed total disability for which increased compensation was asked was not the result of the former traumatic injury, for which it made award, but was due to and resulted solely from his subsequent disease of myocarditis, with which he had become afflicted since the earlier award made him for the then partial disability resulting from an entirely different cause.

Section 4880, Kentucky Statutes, provides that compensable injury shall not include diseases, except where the disease is the natural and direct result of a traumatic injury by accident: "nor shall they include the results of a pre-existing disease." As said in Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. (2d) 903, 904:

"In construing the statute we have uniformly held that, where a disability is traceable partly to pre-existing disease, and partly to an accidental injury arising out of and in the course of the employment, it is the duty of the board to ascertain the facts and to apportion the award accordingly. Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318; Employers' Liability Assurance Corporation v. Gardner, 204 Ky. 216, 263 S. W. 743; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50."

Here the board has found by the evidence introduced that the disability complained of is altogether the result of claimant's disease, which neither resulted from nor was accelerated by or connected in its cause with his leg injury. We are, in view of these facts and finding of the board, led to conclude that the judgment of the trial court, reversing the holding of the board, in its finding of fact, supported by evidence, is erroneous, and for such reason its judgment is reversed.