William J. SMITH, Appellant,

v.

ALLIED TOOLS & SUPPLY COMPANY, INC., Appellee.

ALLIED TOOLS & SUPPLY COMPANY, INC., Appellant,

v.

William J. SMITH, Special Fund, Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 15, 1979.

John Frith Stewart, Rex Dunn, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for William J. Smith.

James M. Graves, William P. Swain, Thomas H. Watson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Allied Tools and Supply Co., Inc.

Before GANT, LESTER and REYNOLDS, JJ.

GANT, Judge.

This is a consolidated appeal from an opinion and order of the Jefferson Circuit Court reversing an award of the Workmen's Compensation Board, and remanding the case to the Board with instructions to reduce the liability of Allied Tools & Supply Company, Inc. (hereinafter referred to as Allied), from $51.75 per week to $26.40 per week. Also on appeal are two subsequent orders, one of which assessed 50% of the cost of the circuit court action against the claimant, William J. Smith, and 50% against the Special Fund, and the other requiring

Allied to continue payment of benefits to Smith in the amount of $26.40 per week pending appeal.

On February 10, 1975, the claimant sustained a work-connected injury to his hip while employed by Allied. In October of that year Smith filed his claim alleging permanent occupational disability as a result of the injury. The Special Fund was joined as a party-defendant, pursuant to a motion by Allied, on the grounds that there could possibly be excess liability from the combined effects of a prior active disability and the subsequent injury. In October of 1976 the Board issued an opinion finding the claimant to be 100% occupationally disabled, of which 50% was noncompensable; 30% was the liability of the employer and the remaining 20% was assessed against the Special Fund. In addition to the above-mentioned orders, the circuit court on appeal held that the Special Fund was bound by the Board's decision that it was liable for $34.50 per week since the Fund did not appeal from the Board's Opinion and Award. On March 17, 1977, Smith filed a Notice of Appeal in the Circuit Court appealing from that portion of the order reducing Allied's liability from $51.75 per week to $26.40 per week, and from that portion of the judgment assessing 50% of the costs against Smith. On March 31, 1977, Allied appealed from the order requiring that it continue to pay benefits to the claimant in accordance with the previous order. This Court subsequently consolidated the appeals into the one presently before us.

■ Allied submits that the circuit court does not have the authority under KRS 342.300 to direct the continuation of payment of benefits pending an appeal to the Court of Appeals unless there is a sufficient showing of reason and necessity in the circuit court for such a continuation. We agree. KRS 342.300 provides as follows:

> Upon motion of either party and a sufficient showing of reason and necessity therefor, the circuit court to which an appeal is taken may continue in force the award, judgment, or order appealed from, pending its decision of such appeal, but to be suspended upon the execution by the adverse party of a supersedeas bond for appeal to the Court of Appeals.

■ We believe this section means that once a circuit court grants a motion for the continuation of benefits based upon a sufficient showing of reason and necessity therefor, then the benefits allowed pending the circuit court's decision are to continue in force during the appeal to the Court of Appeals, unless the adverse party executes a supersedeas bond.

Smith urges that the 55-year-old-case of *Employer's Liability Assurance Corporation v. Gardner*, 204 Ky. 216, 263 S.W. 743 (1924), dictates a contrary result. Therein the court held that the circuit court had the authority to continue the award pending the appeal notwithstanding the execution of a supersedeas bond, provided the proper showing was made. However, Section 55 of the Act (predecessor to KRS 342.300) as promulgated on March 23, 1916, and in effect at the time of the decision in *Employer's Liability Assurance Corporation, id.*, did not contain any reference as to the effects of a supersedeas bond on the continuation of benefits. It is worthy of note that Section 55 as originally written is the same as the first part of KRS 342.300 but that the section ended with the language ". . . pending its decision of such appeal." It was not until March 29, 1926, that the language referring to the execution of a supersedeas bond was added for the purpose of nullifying the effect of the decision handed down some two years earlier, and this statute has remained essentially the same since this amendment. A reading of the statute in its present form leads this Court to the conclusion that the execution of a supersedeas bond suspends the enforcement of an order requiring the continued payment of benefits.

■ Allied further contends that this statutory section requires a motion, accompanied by an affidavit, stating a sufficient reason and necessity for a continuation of payments. In the alternative, Allied contends that there was never any showing

made before the circuit court in connection with the claimant's motion for a continuation of payments.

We believe the statute to be perfectly clear. It requires only ". . . a sufficient *showing* of reason and necessity . ." for the continuation of payments and it is our opinion that such a showing does not have to be made by the submission of affidavits. The order recites that the lower court's decision to continue payments was ". . . based on the record herein . ." which revealed that the claimant was totally disabled, that he had been earning $300.00 per week prior to the accident, and that he had not had any income since the injury. We are of the opinion that this is sufficient to satisfy the requirements of KRS 342.300.

■ The method of computation used and the amount awarded by the Jefferson Circuit Court are in conformity with the decision of *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978). The non-compensable portion of the award was properly excluded with a reduction in amount assessed against Allied Tools. We therefore affirm that portion of the award.

Since we conclude that the decision of the trial court was correct, we do not feel compelled to discuss the issue concerning costs below.

For the reasons stated above, the judgment of the lower court is affirmed.

All concur.