## Andrews Steel Company v. McDermott.

(Decided November 1, 1921.)

### Appeal from Campbell Circuit Court.

1. Master and Servant—Award by Workmen's Compensation Board —Evidence.—An award of the board of workmen's compensation,

if supported by any evidence, although the preponderance thereof appear to be to the contrary, will not be disturbed by a court on review.

2.  Master and Servant—Finding of Fact by Workmen's Compensation Board.—It is the duty of the board of workmen's compensation to make a finding of fact, and if this finding of fact be supported by the evidence, or any part of it, it is conclusive upon the courts.

3.  Master and Servant—Award by Workmen's Compensation Board —Evidence.—Only in cases where there is no controversy about the facts or where the award is unsupported by any evidence is the award subject to review by court, there being only a question of law presented.

FRANK V. BENTON for appellant.

WILLIAM A. BYRNE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Joseph P. McDermott, was in the employ of the Andrews Steel Company, in Newport, in February, 1919, and while in the performance of his duties received an injury to his left eye which, he contends, later caused the loss of the vision of that eye. As the steel company was operating under the workmen's compensation act, McDermott made application to the board administering the act for compensation for his injury. Evidence was taken and the case prepared. In refusing the allowance the board made the following finding of fact:

"It was not established by the testimony that there were any chemicals in the dirt or dust blown into plaintiff's eye. In fact the weight of testimony is otherwise. There was slag around the plant, but slag is a hard substance like rock, and it was not established by the testimony of the plaintiff or any of the physicians who examined the plaintiff that any hard substance hit him in the eye or that any hard substance penetrated the eye, in fact no piece of steel, slag or other hard substance was removed from the eye.

"2.  The plaintiff is suffering from cataract. There are several kinds of cataract, among them traumatic, congenital, senile and systemic. No physician directly stated that traumatism was the cause of plaintiff's cataract. In cases of traumatic cataract the lens of the eye is necessarily involved. Traumatic cataract arises either by a foreign substance penetrating the cornea, going through the anterior chamber and reaching the lens, or

by a blow injuring the lens capsule.   There is an entire
absence of evidence to the effect that there was any pene-
tration of the cornea by a foreign substance or a blow
upon the eye.   It is true that on April 9, 1919, an opera-
tion was performed by Drs. Thomasson and Miller,
which punctured the anterior chamber to exclude pus and
to save the eyeball, but the sight, at that time, was gone.

"3.   The loss of the sight of the left eye of plaintiff
was not caused by traumatic accidental injury."

On the foregoing facts the board declared the law
as follows:

"1.   There must be some cause or connection between
the employment and the accidental injury.   Where there
is no natural connection between the risk and the employ-
ment, such as wind or lightning, it must affirmatively be
shown that the nature of the employment pecularly ex-
posed the employe to such danger.   Ordinarily an em-
ploye, while at work, who is injured by some force of
nature, like wind, is not entitled to compensation unless
the employment itself peculiarly exposes the employe to
the hazard in a greater degree than the average member
of the commonalty or unless the force of nature espec-
ially combined with some element or hazard of the em-
ployment to produce the injury.

"2.   The alleged accident did not arise out of and in
the course of the employment.

"3.   The burden of proof is upon the plaintiff to
show, not only that the accident and the injury arose out
of and in the course of the employment, but that the con-
dition of plaintiff was not the result of pre-existing dis-
ease."

Feeling aggrieved at the failure of the board to award
him compensation, McDermott appealed in the way and
manner provided by section 4935, Ky. Statutes, to the
Campbell circuit court, where the case was tried upon the
record certified to it by the board of compensation.   The
trial court arrived at a different conclusion from that of
the board of compensation and ordered the findings of
the board set aside and cause remanded to the board for
further proceedings looking to an award of compensation
to McDermott.   From this judgment the Andrews Steel
Company appeals to this court.

The first and only question we need consider on this
appeal is, may a court review the finding of fact made by
the board, for if we cannot do so and are confined to the
application of the law to the facts as found by the board,

such finding of fact being entirely adverse to his contention, there can be no relief granted appellee, McDermott. No new or additional evidence can be heard on appeal to the circuit court, the review of the court being confined to determining whether:

1.    The board acted without or in excess of its powers.

2.    The order, decision or award was procured by fraud.

3.    The order, decision or award is not in conformity to the provisions of the act.

4.    If findings of fact are in issue, whether such findings of fact support the order, decision or award. No claim of fraud in the order or decision is made by appellee and the trial court did not hear evidence on that subject.

The act under which this proceeding is had provides in sec. 4935 that an award or order of the board of compensation shall be conclusive and binding as to all questions of fact unless the order or award is the result of fraud or misconduct of some person engaged in the administration of the act. Appellee McDermott rests his claim to compensation upon the loss of the sight of his left eye occasioned by traumatic accidental injury received in the course of his employment and arising out of such employment. The facts appear to preponderate in favor of appellee McDermott's contention, but there is evidence in the record which supports a contrary view. Construing the statute with reference to the conclusiveness of findings of fact by the board most of the courts, both of this country and of England, have given the language its literal meaning, holding a finding or decision of a board having original jurisdiction of a claim under the act conclusive on a question of fact, if the finding has any support in the evidence, but the entire absence of evidence to support such finding presents a question of law subject to appellate review. In re Buckley (notes), 1916 American Annotated Cases, page 475. Courts can and do review findings of law but not of fact except in cases of the fraudulent administration of the act. If there be any evidence warranting a finding of fact, or if there be no controversy about the facts, there is and can be but a question of law which a court may review, and, if proper, reverse the order, decision or award of the board. In the case of Hollenbach v. Hollenbach, 181 Ky. 262, which was the first opinion dealing with appeals from an order of the board of workmen's compensation which came to

this court, we said: "One of the primary purposes of the act was the establishment of a board which would summarily determine all questions of fact and afford ready relief to claimants. Another object to be accomplished was the settlement of claims by a method in the nature of arbitration instead of by prolonged litigation, and a third reason was the relief of the courts, even where appealed to, from the necessity of passing upon questions of fact. It is the duty of the board to make findings of fact, and if there be competent and credible evidence tending to support the award, or finding of fact, it, like the verdict of a properly instructed jury, will not be disturbed by a court in review."

Following this general rule we held in Nelson v. Ky. River Stone and Sand Co., 182 Ky. 317, all awards or orders of the workmen's compensation board are, in the absence of fraud, conclusive and binding as to all questions of fact, the court being forbidden by statute to review the finding of fact made by the board if that finding is such as to support the order of the board, there being nothing in the record to indicate that the finding of fact or the order was the result of fraud or misconduct on the part of any person administering or assisting in the administration of the act.

The finding of fact by the board in effect is that appellee McDermott had a diseased eye before and at the time he went to work for the Andrews Steel Company, and as time passed the affected eye grew worse until the vision of the eye was wholly lost; that the loss of the sight of the left eye of appellee McDermott was not the result of traumatic accidental injury. There is some evidence in the record to support this finding. In such cases courts must accept the finding of fact as true, and can only review the law of the case as applied to the facts as found by the board. Obviously, if the loss of the sight of the left eye of appellee McDermott was the result of a diseased condition of that organ existing at the time he began to work at the steel mills, it could not have resulted from "accident arising out of and in the course of his employment" within the meaning of the act and the board properly refused him compensation.

The trial court erred in attempting to review the facts, and from this mistake came the erroneous judgment remanding the case to the board for reconsideration and the allowance of compensation to McDermott. There is some evidence in the record to support the finding of the

board. And where there is such evidence only questions of law are reviewable by the courts unless there be some jurisdictional fact which is unsupported by substantial evidence. 1st Honnald, page 821.

Judgment reversed with directions to dismiss the petition.