## Cogar Grain, Coal and Feed Company v. Workmen's Compensation Board, et al.

(Decided June 23, 1922.)

### Appeal from Mercer Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Acceptance of Provisions.—When the name of an employe is signed to the notice prescribed by section 4957, Ky. Stats., by another in his

presence and at his request, and the latter signs his name as a witness to employe's signature, such signature of the employe is sufficient to constitute an acceptance by him of the provisions of the workmen's compensation act, even though the employe was able to sign his own name and even though he does not make his mark.

2. Master and Servant—Workmen's Compensation Act.—Where the evidence is conflicting as to whether or not the accident arose out of and in the course of the employment, the finding of the compensation board that it did is final under the express provision of the act.

3. Master and Servant—Workmen's Compensation Act—Evidence.— Where the question of whether the accident arose out of and in the course of the employment depended upon the employe's purpose in going on the elevator from the third to the first floor of the place of his employment, and the evidence of his purpose was purely circumstantial, and the circumstances were such that it might be reasonably inferred therefrom either that he made the trip on a personal matter or to get a roller as directed by his foreman, the evidence is conflicting and the finding of the compensation board is final.

BLAKEY, DAVIS & LEWIS and HERBERT F. BOEHL for appellant.

CHAS. I. DAWSON, Attorney General, and C. E. RANKIN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment of the circuit court affirming an award of the workmen's compensation board in favor of the widow of Marshall Smith, who was killed while riding in an elevator of his employer, the appellant. The grounds for reversal are (1) that decedent had not accepted the provisions of the workmen's compensation act as therein prescribed, and (2) that the accident causing his death did not arise out of and in the course of his employment.

The act provides that the acceptance of the provisions thereof shall be effected by his signing a prescribed notice, and that if he is unable to write, his mark shall be witnessed by a third person who shall at the time read the notice to the employe. Section 4957, Ky. Statutes.

The decedent could write, and he did not sign his name to the notice or make his mark, but his name was signed thereto upon his request and in his presence by an office employe of appellant, superior in authority to

him, who also signed his own name as a witness of decedent's signature. This precise question was considered by the whole court in the case of W. J. Fell Company v. Elswick, Sr., Admr., decided May 2nd, 1922, and reported in 194 Ky. 641, 240 S. W. 373, where such a signature was held sufficient to constitute an acceptance by the employe of the provisions of the act.

In that case the administrator of the employe was seeking to avoid the binding force of just such a signature, and if, as held, it was effective against the employe who permitted the employer to sign his name for him, for even stronger reasons must it be held binding upon the employer who thus signed his name for him. As the reasons and authorities for so holding are fully set out in the opinion in that case, it will not be necessary to repeat them here.

As to whether or not the accident arose out of and in the course of the employment, it seems to us the evidence is all one way and conclusive that it did; but even if it be conceded the evidence is conflicting upon this issue of fact, the finding of the compensation board is conclusive, since our act expressly so provides, as do most of such acts, and as is usually held even where the intention of the legislature is not so clearly expressed. Section 4935, Ky. Statutes; Dosker's Compensation Law, page 245.

Decedent and two other employes, under the direct supervision of their foreman, were moving some hogsheads of tobacco on the third floor of appellant's warehouse when it became necessary to have a roller which the foreman thought was on the fifth floor, and he sent decedent to that floor on the elevator to get it. While he was gone on this errand, the agent of an insurance company appeared at the elevator shaft on the first floor and one of the employes on the third floor tossed fifty-five cents down the elevator shaft to him, in payment of his insurance dues. Directly thereafter decedent returned on the elevator, which he was operating, to the third floor and reported to the foreman that he could not find the roller on the fifth floor. Thereupon one of the other employes said he thought that the roller was on the first floor, and he got on the elevator with decedent and the two went to the first floor.

When they got to the first floor the other employe found the roller and decedent paid the insurance agent his dues on a policy he carried with the same company.

Decedent and the employe then got upon the elevator to return with the roller to the third floor, decedent being behind his companion who was operating the elevator. Decedent's head was struck by the second floor in some way, but how or why does not appear since no one saw him at the time or until the elevator was stopped and he was lying flat on the floor of the car, face down, with his head caught between the car floor and the second floor of the warehouse. His neck was broken and he died at once.

The claim that he was not injured in the course of his employment is based upon the theory that he went to the first floor simply to pay his insurance premium and therefore upon purely a personal matter and not in the discharge of any duty to his employer.

Even if such had been his sole purpose in going to and returning from the first floor of the warehouse on the elevator and that by reason thereof he was not injured in the course of his employment, a proposition about which we express no opinion, the evidence of his purpose in this case is simply an inference from the circumstances related above, and all of the evidence as to his reason for going to the first floor is purely circumstantial, and the circumstances, if some of them are reasonably susceptible of the inference that that was his purpose in going to the first floor, others more fully warrant the inference that he did so for the purpose of getting the roller, and that the payment of his insurance premium while there was but an incident of the trip.

This is especially true, because the evidence in the case, if it does not prove that he had no knowledge of the presence of the insurance agent on the first floor or about the premises, is also purely circumstantial on that question and at least susceptible of different inferences.

The evidence, therefore, if not conclusive, as we view it, that his trip to the first floor was to get the roller in compliance with directions of his foreman, is at least conflicting as to what his purpose was in so doing, and in any event conflicting upon the question of whether the accident arose out of and in the course of his employment.

Wherefore the judgment is affirmed.