## United States Coal & Coke Company v. Burrell, et al.

(Decided December 2, 1924.)

### Appeal from Harlan Circuit Court.

1.  Master and Servant—Finding Wife Claiming Compensation Had Not Abandoned Deceased Held Supported by Evidence.—Finding of Workmen's Compensation Board that wife was entitled to compensation for death of deceased and had not abandoned deceased, within Ky. Stats., section 4894a, held sustained by evidence.
2.  Master and Servant—Finding of Compensation Board on Evidence Conclusive.—Court of Appeals will not reverse finding of fact of Workmen's Compensation Board unless no evidence sustains it.

SAMPSON & SAMPSON for appellant.

HALL, JONES & LEE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Charlie Burrell was a laborer in the service of the United States Coal and Coke Company and on November 8, 1921, while he was in its service in the mine received an injury which immediately resulted in his death.  On December 6, 1921, Clydia Burrell, his widow, filed before the compensation board her application for the adjustment of her claim for his death.   The board gave judgment in her favor.   The coal company thereupon filed this action in the Harlan circuit court to set aside the judgment of the board.   On final hearing the circuit court affirmed and approved the judgment of the work-

men's compensation board, and from this judgment the company appeals.

There is no dispute that Clydia Burrell was regularly married to Charlie or that they lived together for a number of years as husband and wife. There is no dispute as to the amount fixed as compensation by the board. The only dispute is as to whether Clydia Burrell is entitled to it. The coal company introduced proof tending to show that Clydia was a lewd woman and that about Christmas, 1920, her husband on account of her lewdness, left her. Section 4894, Kentucky Statutes, among other things, provides:

> "The following persons shall be presumed to be wholly dependent upon a deceased employee: (a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident."

It is insisted that a wife voluntarily abandons her husband when she becomes lewd and this gives him ground to leave her.

On the other hand, the proof for the appellee is that her husband left her and took up with another woman; that she then went to her father's and tried to get her husband to return to her. The proof also shows that he did in fact on occasions return to her and that he was to see her only a short time before he was killed. If she had departed from the straight and narrow way he could condone this. Her proof very clearly shows that appellee was living with her father and mother and that she in more ways than one tried to get her husband to return to her and had not voluntarily abandoned him.

It is a settled rule of this court not to reverse the board on a finding of fact unless there is no evidence to sustain it. Andrews Steel Co. v. McDermott, 192 Ky. 679; Pope Mining Co. v. Brown, 194 Ky. 714.

> "One of the primary purposes of the act was the establishment of a board which would summarily determine all questions of fact, and afford ready relief to claimants. Another object to be accomplished was the settlement of all claims by a method in the nature of arbitration instead of by prolonged litigation, and a third reason was the relief of the courts, even where appealed to, from the necessity of passing upon questions of fact." Phil Hollenbach Co. v. Hollenbach, 181 Ky. 285.

On the whole record it cannot be said that there is no evidence to sustain the finding of the board.

Judgment affirmed.