## Black Mountain Corporation v. Murphy.

(Decided February 1, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Employer Cannot Complain of Insufficient Notice where Notice of Accident was Given to Workmen's Compensation Board, and Compensation Paid Some Time Thereafter (Ky. Stats., Sections 4914, 4915).—Where notice of employee's injury was given to Workmen's Compensation Board by employer, and employee submitted to examination by employer's doctor on date of injury, compensation being paid therefor for some time after, employer cannot complain of insufficient notice required by Ky. Stats., sections 4914, 4915.

2. Master and Servant—Compensation Board's Findings of Fact are Conclusive.—Findings of Workmen's Compensation Board in case of disputed question of fact to be determined are conclusive.

3. Master and Servant—Evidence Held to Establish Injury to Employee Resulted in Hernia.—Evidence relative to injury to employee, resulting in hernia, held sufficient to establish it, and not to raise disputed questions of fact on which finding of Workmen's Compensation Board would be conclusive.

HALL, LEE & SNYDER for appellant.

LYTTLE & MORGAN and D. Y. LYTTLE for appellee.

Opinion of the Court by Judge Logan—Affirming.

The appellant, Black Mountain Corporation, is appealing from a judgment of the Harlan circuit court wherein that court reversed the findings of the Workmen's Compensation Board. The appellee, Johnson Murphy, while employed by the Black Mountain Corporation as a coal miner sustained an injury on the 3rd day of January, 1924, arising out of and in the course of his employment. On January 18, 1924, the appellant made its report to the Workmen's Compensation Board showing that appellee, Murphy, had been injured on January 3, 1924, and that the injury sustained consisted of a sprained back and right rib and that the appellee would probably be disabled for ten days. Thereafter an agreement was entered into between the employer and the employee as to the payment of compensation, which agreement was approved by the Workmen's Compensation Board. This agreement provided for the payment of $15.00 per week for one and one-seventh weeks. On February 26, 1924, appellee signed a receipt showing that he had been paid in full for the injury which he had received on January 3. The total amount acknowledged in this receipt as having been paid was $17.14.

On the 22nd day of October, 1924, the appellee, Murphy, entered a motion before the Workmen's Compensation Board asking that his case be reopened. He gave as a reason for the motion that his receipt for final settlement growing out of the injury of January 3, 1924, was obtained by fraud, and further, that there had been such a change in his condition as to show that compensation paid him was not adequate for the injury received. In support of his motion to reopen the case he filed the affidavit of Dr. C. A. Foster, in which he stated that he had examined the appellee, Murphy, and had found him suffering from hernia, which appellee claimed had been caused as the result of the injury received by him on January 3, 1924, while he was working for the Black Mountain Corporation. The case was reopened by the Workmen's Compensation Board and on the 10th day of December, 1924, proof was taken at Harlan, Kentucky. It was agreed that appellee was injured on January 3, 1924, and that by agreement of parties he was paid compensation for eleven and one-seventh weeks at the rate of $15.00 per week for disability to his back and hip or rib.

This agreement appears to contain an error as to the time the compensation was paid, as the receipt referred to shows that compensation was paid for one and one-seventh weeks instead of eleven and one-seventh weeks. The case was reopened, so we find in the record, on the the ground that a mistake had been made in determining the entire disability as a result of the accident. The plaintiff was claiming at the time, so the record shows, that the accident resulted in a hernia and that there was no other question before the court for determination other than to determine whether the accident resulted in a hernia and if so the extent of the resulting disability.

Proof was taken and by agreement of parties Dr. W. M. Martin testified before the other witnesses. He examined appellee on the day that he gave his deposition and found appellee with a hernia. He could not say whether it was a new trouble, but expressed the opinion that it was large and that a hernia usually became larger with age. He said, however, that he could not say how old the hernia was when he examined it, and that he did not think anyone could tell how old a hernia is after it became that large. He then said: "I do not care who says they can tell, I don't believe anyone can tell the exact age of a hernia that large." He said that he could not give an opinion as to how long this hernia had existed, but appellee may have been afflicted with it all his life, and Dr. Martin makes this statement, as he says, because he is one of the doctors who believes that most hernias are congenital, but he says that they do not all agree about that. There is no evidence in the statements of Dr. Martin except that which shows that appellee had a hernia. He gives his opinion in a modified way as to what he thinks about the age of this hernia, but he himself places little value on the opinion which he gave. He does not think that a hernia seriously interferes with a man's ability to labor. His evidence as to the extent of disability of appellee is confusing and of little value.

Johnson Murphy testified in his own behalf. He said he was loading coal at the time of his injury on the 3rd day of January, 1924; a big rock fell in the way of the motor and he did not have any hammer and had his car loaded, and he leaned over and tried to raise the rock up and throw it out of the way of the car when something happened to him which made him ill, and he immediately went to his home suffering with a pain in his back and in

his lower bowels. After he arrived at his home he sent for Dr. Giannini, who was the doctor for the appellant, and when the doctor came Murphy said that he told him that he thought he was hurt in the back but he did not know what was the matter with him, as he had never had anything like it before. He said he told the doctor that he was not well and wanted to be examined; that he pointed out to the doctor the place where he was suffering and that it was where the hernia developed; that the doctor told him to come down to his office as soon as he was able to walk. He also states that the doctor told him on the day that he was injured that he would never do any good until he was operated on. Murphy testified rather positively and very satisfactorily that the hernia developed on the day of his injury. According to his testimony he went to the office of the doctor about a week after the injury, when the doctor examined him and told him again that he would have to be operated on. The appellee is an ignorant colored man unable to read or write, and from his testimony he placed his whole case before Dr. Giannini. The attorneys representing the respective parties and the members of the Workmen's Compensation Board carefully interrogated appellee, but he did not deviate from his first statement that the hernia followed immediately after he received this injury, and that he so told Dr. Giannini. Murphy gives a history of his work in the coal mines. He says that he worked at Parded, Virginia, and that he then went to Madisonville and worked there for some time, but he had never been treated for any injury except for getting smoked and gassed. Doctor Giannini testified on the hearing that he had known the appellee ever since the doctor had been working for appellant. He said that Murphy had been hurt a number of times in different ways. He admits that appellee came to him complaining of a hernia, but he does not recall the exact date, but thinks it was some time after the injury on January 3. The doctor is not sure whether he saw him at his office or at Murphy's home, but he thinks it was at Murphy's home. He remembers that Murphy was complaining of his back and hips and probably his legs. He made a report of the injury to the Workmen's Compensation Board, and he does not remember that Murphy said anything about a hernia on the day of the accident. He does not attempt to fix the time that he discovered the hernia, but his judgment is that it was about a month after the accident. At the time he

examined the hernia it was about the size of an orange and he thinks he examined it several times. Owing to the size of it, it was the opinion of the doctor that it was of long standing, but he admits that he could not definitely determine whether it was an old hernia on account of the size other than it was the general rule, as he had observed in his practice, that a hernia of that size was of longer standing than one month. In discussing hernia generally the doctor said: ''I want to add to that that an internal abdominal ring may vary a great deal in all people. I may examine a hundred men and in each man the abdominal ring would vary a great deal in all of them.'' When asked if he was passing his opinion as to the duration of the hernia on its size he said, ''Yes, sir, because we seldom see an early hernia so large, usually about the size of a walnut.'' He was then asked in his practice if he had ever seen a large hernia develop suddenly, and his answer was: ''There may be, I never remember of seeing one.''

Dr. A. C. Foster also testified on the hearing that he had examined this hernia in September or October. He said that he could not be positive about a hernia as to how long it had existed. He was asked if a hernia occurred on the 3rd day of January whether it would be possible for it to be as large as an apple within thirty days thereafter. His answer was: ''I would say that it would be possible but not probable, however.'' It was the opinion of Dr. Foster that Murphy's ability to labor had been impaired fifty per cent.

Upon the evidence the Workmen's Compensation Board entered the following order:

''This case coming on to be heard, and the Workmen's Compensation Board being sufficiently advised, it is adjudged that the application filed herein be and the same is hereby dismissed because the evidence fails to show that plaintiff suffered a hernia that appeared immediately, that did not exist in any degree prior thereto, and was the result of the accident complained of.''

Thereafter appellee filed his petition in the Harlan circuit court praying that the court review the findings of the Workmen's Compensation Board and render an award in accordance with the provisions of the law. Upon consideration of the record the circuit court reversed the findings of the Workmen's Compensation

Board and direted the board to award appellee compensation for his injury as set out. in the judgment of the circuit court.

The first complaint made by appellant is that no notice of any claim by reason of the injury resulting in hernia was given and for that reason there is no liability on the employer  Appellant relies on section 4914 and 4915, Kentucky Statutes, as well as on the case of Northeast Coal Company, et al. v. Castle, 202 Ky. 505.  Section 4914, Kentucky Statutes, requires the notice of the accident to be given to the employer as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within one year after the date of the accident there can be no proceedings for compensation for an injury. The concluding language of this section is as follows:

> "If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments."

Notice was given of this accident to the Workmen's Compensation Board by the appellant.  The appellee submitted himself to an examination by Dr. Gionnini on the day of the accident and for some time thereafter compensation was paid.  A receipt acknowledging full payment was signed by appellee on February 26, 1924.  Thereafter he filed motion for the reopening of his claim.  Appellant appeared and offered proof in opposition to the claim after it had been reopened.  The Workmen's Compensation Board appears to have regarded the question of notice as immaterial on this hearing as nothing is said about it in the findings.

In the Northeast Coal Company case, *supra,* it was held that notice shall not be invalid or insufficient by reason of any inaccuracy in complying with section 4915, Kentucky Statutes, unless it be shown that the employer was in fact misled to his injury thereby, and that want of notice or delay in giving notice shall not be a bar to proceedings under the act if it be shown that the employer, his agent or representative had knowledge of the injury, or that such delay or failure to give notice was occasioned by mistake or other reasonable cause.  We do not regard the complaint made by appellant that the notice was not sufficient as having any merit in this case.

If there was a disputed question of fact to be determined and the board having determined this question of fact one way or the other, then its findings are conclusive. This has been held in a number of cases. Appellant in its brief insists that it has been held by this court that the findings of the board upon a question of disputed fact is equivalent to a verdict of a properly instructed jury. It has been held that the legislature intended to vest the Workmen's Compensation Board with exclusive original jurisdiction to hear and determine the matters within the purview of the act. Northeast Coal Company, et al. v. Castle, 202 Ky. 505; Beaver Dam Coal Co. v. Hocker, 202 Ky. 398; Andrews Steel Company v. McDermott, 192 Ky. 679; Cogar Grain, Coal and Feed Company v. Workmen's Compensation Board, et al., 195 Ky. 477; Ashland Mining Company v. McDaniel, 202 Ky. 19.

It remains only for us to determine whether there was any disputed question of fact. If there was the circuit court should not have reversed the findings of the Workmen's Compensation Board, but if there were no disputed questions of fact and the board decided contrary to the evidence before it, then the circuit court was within the law in reversing the findings of the board. We have referred to the evidence introduced on the hearing and we have reached the conclusion that there was no disputed fact. Appellee testified that the hernia was caused by the accident which he received January 3, 1924; that he had not been thus afflicted prior to that time; that he called the attention of appellant's doctor to his condition on the day of the accident. His evidence is not disputed or contradicted by any one, and it may be said that his evidence is in a way corroborated by Dr. Giannini. The doctor does not contradict appellee, but states that he does not remember that some of the things occurred which Murphy says took place. According to his recollection the doctor did not discover the hernia for about thirty days after the accident, but he gives it as his opinion that he discovered it at the home of Murphy, and Murphy says the doctor was only there on one occasion and that was the day of the injury. Dr. Giannini gives it as his opinion that the hernia was of long standing and yet he says that is only the general rule, and he will not say that it is not possible that the hernia developed after the accident. We have reached the conclusion that the

Workmen's Compensation Board had no evidence before it on which to base its findings and that the circuit court was correct in reversing the findings of the board.

Judgment affirmed.