## Coneva Coal Corporation v. Morris.

(Decided February 21, 1928.)

## Appeal from Perry Circuit Court.

1. Master and Servant.—Decision of Workmen's Compensation Board will be upheld by Court of Appeals, if there is any competent evidence to sustain its finding.

2. Master and Servant.—Evidence held sufficient to sustain finding of Workmen's Compensation Board that death of employee resulted from accidental injury in breast received in trying to put coal car back on tracks while working on coal tipple.

3. Master and Servant.—Notice of injury given to employer held sufficient, under Ky. Stats., secs. 4914, 4917, to authorize award of compensation for death, where employer 'or its superintendent and doctor had notice of injury, doctor having employee under his care for several months, and superintendent seeing him frequently, and knowing that he was complaining.

WILLIAM M. DUFFY and J. W. CRAFT for appellant.

SCOTT DUFF for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee, Mrs. Allen Morris, is the widow of Allen Morris, who died November 20, 1925. In January following his death she filed an application on behalf of herself and others before the Workmen's Compensation Board claiming compensation for the death of her husband against the Coneva Coal Corporation. It is her contention that her husband was injured while working for appellant on November 17, 1924, and that, because of the injury, death resulted, and that the injury arose out of and in the course of his employment. After a hearing before the board, when proof was presented orally and by depositions, the board entered an award in favor of appellee in the sum of $4,000. In due time appellant filed a petition for review in the Perry circuit court, and subsequently that court entered a judgment confirming the award. This appeal is prosecuted from the judgment of that court.

In its petition for a review appellant relied on three grounds: (1) That the board acted in excess of its powers; (2) that the award is not in conformity to the provisions of the act; and (3) that neither the findings of fact nor the facts proven support the award made by the board.

Deceased had been employed by the appellant for some time prior to the date of the alleged injury. He had worked as a car repairer, but at the time of his injury he was working on the tipple. He was struck in the breast while trying to put a coal car back on the tracks. There were no eyewitnesses to the accident, but several workmen came up after he claimed he had been injured, and found him complaining that he had been injured in the chest. He went to his home, and on that day or the next Dr. Duff, the physician of appellant looking after its employees, was called in. The doctor at the time was of the opinion that he might have fractured a rib, but he made no sufficient examination at the time to discover any evidence of a trauma. The doctor asked him if he desired to have the accident reported to appellant, but the deceased stated at the time that he did not think it would amount to anything. The doctor saw the deceased frequently until the following April, and he continued to treat him for his injury, or for some other ailment. The doctor testified that, in his judgment, the deceased was suffering from an abscess on the lungs, which might have been tubercular, or might have been caused by a traumatic injury. The evidence showed that, prior to the date of his alleged injury, he had been an unusually strong man, but, after that date, his health failed, and he continued to grow worse, until he died a year later. It is the settled rule that, if there is any competent evidence to sustain the finding of the board, its decisions will always be upheld. United States Coal & Coke Co. v. Burrell et al., 205 Ky. 777, 266 S. W. 638; Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Pope Mining Co. v. Brown, 194 Ky. 714, 240 S. W. 755.

The board held that appellee met the burden of proof in showing that her husband's death was the result of the accidental injury which he received November 17, 1924. There is competent evidence to support the finding of the board.

The most serious objection urged against the award is that notice of the accident was not given as provided by the provisions of section 4914, Ky. Stats. Section 4917, Ky. Stats., is:

"Such notice shall not be held invalid or insufficient by reason of any inaccuracy in complying with section 4915 hereof unless it be shown that the employer was in fact misled to his injury thereby.

Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause.''

It is not denied that Dr. Duff was the regular camp doctor for appellant. He admitted that he had notice of the injury. The superintendent of appellant testified that it was the duty of Dr. Duff to make reports of accidents and injuries to the miners on January 2, 1925, although he was not in charge of appellant's mine on November 17, 1924. The superintendent who was in charge of the mine at the time of the injury testified that the miners in the coal camp of the appellant reported their injuries to Dr. Duff, who was the doctor employed by appellant at that time. John Deaton, who testified in the case for appellee, did not disclose his position with the company at the time of the injury further than to say that he had charge of the car repair work. The deceased had worked for him, but on the day that he was injured he was engaged in dumping slate, and was not working under the directions of Deaton. In the case of Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007, it was held that any fact or circumstance which brings to the attention of the employer or his principal representative knowledge that an employee has received an injury will be sufficient notice. It was so held again in the case of Black Mountain Corporation v. Murphy, 218 Ky. 40, 290 S. W. 1036, and also in the case of Bates & Rogers Const. Co. v. Emmons, 205 Ky. 21, 265 S. W. 447. The evidence in this case is sufficient to show that the appellant or its superintendent and doctor had notice of this injury. The doctor had the deceased under his care for several months, and the superintendent saw him frequently, and admits that he knew he was complaining, although he stated that he told him that he had the flu.

There are some suspicious circumstances connected with this case which are difficult of explanation. It is clearly shown that the deceased received an injury on the 2nd day of January, 1925, and he received compensation therefor for a period of four weeks. It is indeed strange that he did not say anything about his injury of November 17, 1924, while he was receiving compensation for the minor injury. It is true he told Dr. Duff that he thought he would soon get all right, and it may be that,

in his opinion, the injury did not cause the trouble which eventually brought about his death. It may be that it was on this account that he gave no notice, but, be that as it may, when claim was made after his death within due time, there was proof that his death was caused by the injury.

On the whole case we find no basis on which the judgment of the lower court may be disturbed.

Judgment affirmed.