## Wooton v. Sapphire Coal Company.

(Decided June 27, 1928.)

Appeal from Perry Circuit Court.

1. Master and Servant.—Under Ky. Stats., sec. 4935, if there was before the Workmen's Compensation Board any competent testimony to sustain its finding denying compensation to employee for injury, it cannot be disturbed by the courts on an application for review.

2. Master and Servant.—Evidence held to sustain finding of Workmen's Compensation Board denying coal loader compensation for loss of an eye, on ground that employee either did not sustain the injury, or, if he did so, it did not result either proximately or remotely in the loss of his eye.

J. K. POLK TURNER for appellant.

J. T. BOWLING for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

James Wooton seeks by this appeal to reverse a judgment denying him compensation for the loss of an eye. On Monday, March 15, 1926, James Wooton entered the employment of the Sapphire Coal Company as a coal loader, and it is claimed by him that about 3 p. m. on Wednesday the 17th, while he was engaged in his

work, he got a piece of coal in his eye. Within a few minutes after this happened, J. E. Brown, the foreman in charge of the work, happened along, and Wooton explained to him that he had gotten some coal in his eye. He asked Brown to look at it. Brown explained to him he could not see well because he did not have his glasses, and suggested that he have John Lewis, a fellow workman, look to see if he could find it, and Lewis did so, but was unable to find anything in his eye. Wooton claims that that night he himself got out of his eye a piece of coal about the size of a grain of wheat. He worked the next day, the 18th, until late in the afternoon, when Brown sent him to Dr. Williams, the company's physician. Dr. Williams made an examination of the eye, and gave him a card and told him to see Dr. B. M. Brown, of Hazard, a specialist in troubles of the eye, ear, nose, and throat. On Saturday the 20th, Wooton saw Dr. Brown, and Dr. Brown then found there was a small ulcer on the cornea; that there was considerable inflammation of the eye; that the eye was perforated; that the fluid content of the eyeball had been lost; that the infection had reached the interior chamber of the eye, and there was pus in that chamber, and, as a result, it became necessary to remove the eyeball.

The Workmen's Compensation Board, upon the hearing of the application of appellee for an award growing out of this alleged accident and the proximate loss of his eye as a result thereof, concluded from the evidence heard before it that appellant either did not sustain the injury of which he complains or that if he did so it did not result either proximately or remotely in the loss of his eye, and under the statute (section 4935), if there was before the board any competent testimony to sustain that finding, it cannot be disturbed by the courts on an application for a review. In this case the only direct testimony before the board supporting plaintiff's claim was given by himself, and it was proven by one or more witnesses that he afterwards stated, in substance, that he did not know whether he got coal or any other substance in his eye. He furthermore testified that the first night after he got the coal in his eye he himself succeeded in getting it out and it was a lump as big as a grain of wheat, although one or more persons had examined his eye close to the time of the accident and could discover nothing in it. He worked the following day, and the medical testimony was to the effect that a number of other causes for the condi-

tion of his eye may have produced it, and the testimony of the physician who saw the eye three days after the alleged accident and later removed it stated that its condition could have come from a number of causes other than that claimed by appellant in his testimony, and he furthermore stated that a piece of coal of the size testified to by appellant could not remain in his eye for any length of time at all. The same witness stated, and which appellant did not deny, that when the latter came to him and gave him a history of the case he said "he (appellant) thought something got in his eye on the 17th of March," three days before that time. The physician then stated that the conditions he found do frequently result from conditions other than traumatic injury.

There are other circumstances in the case which it is unnecessary to detail sustaining the board's finding, and which the circuit court examined and sustained; hence it cannot be said that the board did not have before it substantial evidence to support its finding of fact followed by its dismissal of the application. Under the statute and numerous opinions of this court construing it, some of which are Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036, Andrews Steel Co. v. McDermott, 192 Ky. 697, 234 S. W. 275, Cogar G., C. & F. Co. v. Workmen's Compensation Board, 195 Ky. 477, 242 S. W. 863, and a number of other cases under the head of "Master and Servant" in volume 11, West Kentucky Digest, key No. 417, courts are not authorized to disturb the finding of the board where it is supported by any competent evidence. The cases relied on by appellant of Black Mountain Coal Corporation v. Murphy, 218 Ky. 40, 290 S. W. 1036, and Harlan Wallins Coal Corporation v. Carr, 220 Ky. 785, 295 S. W. 1017, announced the same rule, but it was found therein that the finding of the board was not sustained by any relevant testimony having a tendency to convince, and under the express terms of the statute as well as all of our opinions construing it such finding could be reviewed and reversed, and which was done in those two cases.

However, the testimony before the board was different in this case and amply sustained the board's finding, but if it should preponderate in favor of finding for appellant, then the statute and our opinions, supra, would prevent either the trial court or this one from interfering with the board's action.

Wherefore, the judgment is affirmed.