## Kenmont Coal Company v. Martin et al.

(Decided December 21, 1928.)

W. M. DUFFY and J. W. CRAFT for appellant.

H. C. EVERSOLE and S. C. DUFF for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

J. B. Martin was a coal miner in the service of the Kenmont Coal Company. Both had accepted the pro-

visions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). On August 13, 1926, Martin was picking in the face of the coal, and a three-cornered block of coal flew out and stuck in his eye. A fellow workman pulled it out. The eye hurt very much, and after bathing it a while he went to see the company doctor. The doctor had left. In about two weeks a new doctor came, and on the first day that he was there Martin went to see him, telling him how he was injured. The doctor examined his eye and gave him a prescription. Thus things ran along until October 12th, when Martin gave written notice of his injury to the company. He then filed his claim before the board, and was allowed compensation by the board. The company then brought this suit in the circuit court seeking to set aside the award of the board. The circuit court dismissed its petition, and it appeals.

It is insisted for the appellant that notice of the accident was not given as required by law. By section 4914, Kentucky Statutes, it is provided that a notice of the accident shall be given "to the employer as soon as practicable after the happening thereof." Section 4917, Kentucky Statutes, provides as follows: "Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause."

In Bates, etc., Construction Co. v. Allen 183 Ky. 815, 210 S. W. 467, it was held that the words "as soon as practicable" are to be liberally construed. The only reason notice was not given on the day of the accident was that the company's doctor had left. Notice was given to the company's doctor on the very day that the new doctor came. The purpose of having the company's doctor is to furnish medical attention to the employees and first aid in case of injury. The notice to the company's doctor, followed by the formal notice, when the doctor's prescription proved unavailing, was sufficient. The formal notice on October 12th was given in a reasonable time after Martin knew that his eye would not get better, and the company was in no manner prejudiced by the delay. Bates, etc., Construction Co. v. Emmons, 205 Ky. 21, 265 S. W. 447; Coneva Coal Corporation v. Morris, 223 Ky. 841, 4 S. W. (2d) 1111.

It is insisted that the judgment of the Compensation Board is against the evidence. But the rule is well settled that the court will not disturb the finding of the Compensation Board unless there is no evidence to sustain it. The proof is undisputed that Martin's eye was good before the injury. The proof is undisputed that now the sight is 40 per cent. destroyed. No other cause is assigned for this loss of the eye except the injury from the coal. The court is unable to say that the judgment of the board is without any evidence to support it. The fact that Martin was paid his wages for getting out coal for the other weeks of August is explained by the proof for him that a substitute he put in did the work and that he did no work. The evidence of the company doctor is by no means conclusive that the injury did not produce the loss of the sight of the eye, for it is shown that Martin for the two weeks before the doctor saw him, had been industriously using medicine upon the eye, and the doctor said that such a scar as he saw might reasonably develop in two or three weeks, and he made the examination after two weeks.

Judgment affirmed.