## Hosman Coal Company v. Carr et al.

(Decided March 22, 1929.)

HITE H. HUFFAKER, LOW & BRYANT and JOHN R. MORE-MEN for appellant.

JAMES S. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Claiming that their decedent, William Carr, died by reason of an accident arising out of and in the course of his employment while working for the appellant, under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), the appellees, who are the widow and minor children of the deceased, made application to the Workmen's Compensation Board for compensation for his death. The Workmen's Compensation Board awarded the appellees the compensation they sought. On appeal to the circuit court the award of the Compensation Board was modified to the extent of an adjustment of the compensation based on a weekly wage of $15, which the deceased at the time of his accident was earning, instead of $18, as found by the board. As so modified, the award of the board was affirmed. From that judgment of the circuit court, this appeal is prosecuted.

It is conceded by all parties that, if the appellees are entitled to any compensation at all, the modification of the board's award in the circuit court was proper, as the finding of the Compensation Board that the deceased was earning $18 per week, instead of $15, was made through inadvertence and through oversight of a stipulation of the parties that the weekly wage of the deceased was $15 per week.

As grounds for reversal, appellant insists, first, that there was no evidence to sustain the finding of the board that the death of William Carr, appellees' decedent, was the result of an accident he concededly sustained in the mines of the appellant in March, 1926; secondly, if in error as to this first proposition, that the board erred in failing to apportion the award between the results of the accident and those of a prior disease; thirdly, that there

was no notice given by Carr of the accident; and, fourthly, that there is no evidence of the dependency of the appellees upon the decedent.

The decedent, in March, 1926, while working in the mines of the appellant, was shocked by coming in contact with an electric cable. He continued to work, however, that day and for two weeks thereafter, when the mines shut down for a short period. He did not return to his work when the mines reopened, and died the following June. It is true that the testimony produced by the appellant before the Compensation Board is to the effect that Carr died from tuberculosis, which he had contracted prior to the accident, and that the electric shock he sustained in the mines in March had nothing to do with his death. But the testimony of the appellees before the board is to the effect that, while Carr did suffer with asthma prior to the shock, he did not have tuberculosis. Their witness, Dr. Ingram, testified that Carr's death was due to pulmonary edema, which was brought about by the electric shock he received in the March accident. Dr. Ingram also testified that Carr did not have tuberculosis or any kidney trouble, and that neither of these diseases caused his death.

Appellant argues that Ingram's testimony, in so far as it negatived their proof that Carr died with tuberculosis, was incompetent, because he based his opinion on an examination of Carr's sputum, made by the state board of health, without the report being introduced in evidence, or the person who made the analysis of the sputum being produced as a witness. Dr. Ingram was allowed to testify without objection as to the contents of the report of the state board of health. Indeed, Dr. Pierce Martin, introduced by the appellant, also told in substance what this report of the state board of health was. It is too late now for appellant to object to this testimony of Dr. Ingram. Maryland Casualty Co. v. Vidigoj, 207 Ky. 841, 270 S. W. 472. There being relevant and competent testimony to sustain the finding of the board that Carr's death was due to the accident of March, 1926, under familiar law it must be accepted as conclusive.

This finding of the board that Carr's death was caused by the electric shock, and was not due to tuberculosis contracted prior to the accident, also disposed of appellant's second contention, since under such a finding there was no apportionment to be had.

As to the ground that no notice of the accident was given to the appellant, the evidence shows that appellant's foreman ascertained within a half hour after Carr received the shock, which the board found occasioned his death, that Carr had had this accident, and that he went into the mines to investigate it. He there saw Carr. The evidence also shows that Dr. Martin heard of the accident on that day and shortly thereafter. Dr. Martin admits that, on hearing of it, he stated that he would go to see Carr and ascertain the extent of his injuries. He did not do so, because he learned the next day that Carr was still at work. The evidence also shows that, as soon as Carr became bedridden, which was along in the latter part of April or early part of May, Dr. Martin visited him and attended him up to the time of his death. The witness Wilson testified that Dr. Martin was the company doctor.

In view of the other circumstances of this case, especially Dr. Martin's own statement that, when he heard of the accident, he planned to visit Carr at once, a thing he would hardly have done, had he not been the company doctor, the fair inference is that Dr. Martin was the company doctor, especially in the absence of any denial of that fact. Under all these circumstances, the company had notice within the provisions of the Compensation Act. Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007; Black Mountain Corp. v. Murphy, 218 Ky. 40, 290 S. W. 1036; Coneva Coal Corp. v. Morris, 223 Ky. 839, 4 S. W. (2d) 1111; Kenmont Coal Co. v. Martin, 227 Ky. 217, 12 S. W. (2d) 314.

There is so little merit in the last contention of the appellant that about all we need to do is to cite the statute, which makes the widow and minor children under 16 years of age of a decedent be conclusively deemed dependent upon him. Kentucky Statutes, sec. 4894. Appellant itself proved, by its cross-examination of Mrs. Lillie Carr, her widowhood, and she testified without objection that the appellees, Garrett Carr, Mary Carr, and Evelyn Carr, were the minor children under 16 years of age of her and her deceased husband.

The judgment of the circuit court is affirmed.