### W. E. Gunn & Company v. Woody et al.

(Decided June 12, 1931.)

SAMUEL M. WILSON, WILSON & HARBISON and ARTHUR RHORER for appellant.

JAMES S. GOLDEN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Charley Woody, a colored man, was in the service of W. E. Gunn & Co., as a coal miner. The parties had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). He filed an application before the board for compensation for an injury to his eyes received in the mine. Voluminous proof was taken, and on final hearing the board made an award that he was entitled to compensation for 120 weeks at the rate of $11.45 a week for the loss of his right eye, which had been removed, and an additional 100 weeks at the rate of $4.58 a week on account of the impairment to the left eye. These amounts were based on the finding by the board that his average weekly wage was $17.64. His employers filed an action in the circuit court to set aside the award. The case was heard in the circuit court, and on final hearing the circuit court confirmed the action of the board. The employers appeal.

As shown by the proof for Woody, the facts were these: He had a car and was loading it. A driver came through the trapdoor and opened it. This caused the air to rush up the entry, and when he threw a shovel full of coal on the car the fine coal blew up into his face and in his eyes. When it first went in, it burned, and he suffered great pain. He hollered to Harrison Francis to come and help him. Francis wiped some coal out of

his eyes by pulling them open. His eyes kept burning, and Francis said to Woody, ''You go to the doctor.'' He rubbed his eyes and tried to get the coal out, and finally he went to the commissary and told the person in charge there about the injury to his eye. He then went to the doctor, but the doctor had left, and he went home. He suffered very much that night. The next morning he went to the doctor, who got coal out of both eyes. He went to the mine after the doctor had worked on his eyes, but he was not able to work, and in a day or so the doctor sent him to the hospital. It soon developed that his right eye had to be taken out, and the vision of his left eye was diminished 40 per cent. Up to this time his eyesight had been good and he had had no trouble with his eyes.

On the other hand, the defendants proved that his eyes had been weak for sometime and in a bad condition; that he wore glasses in traveling to the mine and complained of the light hurting his eyes. On the other hand, he proved in rebuttal, by a number of witnesses who knew him well and saw him often, that his eyes were all right up to the day of the injury, and that he did not wear glasses, and that there was nothing wrong with his eyes apparently.

The chief complaints on the appeal is that the award of the board is against the evidence. In Coneva Coal Corp. v. Morris, 223 Ky. 840, 4 S. W. (2d) 1111, the rule as to questions of fact in such cases as this is thus stated:

''It is the settled rule that, if there is any competent evidence to sustain the finding of the board, its decisions will always be upheld. United States Coal & Coke Co. v. Burrell et al., 205 Ky. 777, 266 S. W. 638; Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Pope Mining Co. v. Brown, 194 Ky. 714; 240 S. W. 755.''

The case presents simply questions of fact. It is insisted for appellants: (1) There was no accident in which appellee's eyes were injured. (2) His eyes were injured before and in a bad condition. (3) The amounts allowed are excessive. (4) Due notice of the injury was not given. But on all these questions there is a conflict of evidence, and it cannot be said that there is no evidence to support the plaintiff's case. The plaintiff's positive testimony as to the fine coal blowing into his eyes

and burning them, causing him great pain, is confirmed by the testimony of Francis and the testimony of the doctor. The plaintiff positively testifies that up to this time his eyes were all right and that he had had no trouble with them. His testimony of this subject is sustanied by a number of witnesses who knew him well and saw him every day and testified to the same facts. On the other hand, the defendants introduced a number of witnesses who proved the contrary. But this court cannot disturb the finding of the board on the ground that it is against the weight of the evidence. Counsel presents figures for appellant showing that the amount allowed is too large. On the other hand, counsel for appellee present figures warranting a larger award. The board must exercise its judgment in fixing the amount in a case like this, and clearly the judgment here was not unwarranted by the proof as a whole. The Workmen's Compensation Act must be given by a liberal construction. It was intended for the protection of the workers in mines, and a discretion was conferred on the board; the purpose being that justice might be promptly done this class of persons when injured.

As to the notice, by section 4914, Ky. Stats., the notice must be given "as soon as practicable" after the injury, and by section 4915 must be in writing. Section 4917 provides as follows:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause."

While the proof for appellants is that they had no notice until April 9, the testimony of both Woody and Dr. Schultz, who treated him, is that appellants had notice of the injury about three or four days after the accident and then told the doctor to place Woody in the hospital, which he did. There is clearly here sufficient evidence to warrant the board in finding that the employer had knowledge of the injury and that the failure to give further notice was occasioned by the fact that, as they had directed the man to be sent to the hospital, no further notice was necessary. Coneva Coal Corp. v. Morris, 223 Ky. 840, 4 S. W. (2d) 1111, and cases cited.

The medical proof on behalf of appellee that the condition of his eyes might reasonably be the result of the accident is sufficient to sustain the judgment of the board, although there is a conflict of testimony here as on the other questions in the case.

Judgment affirmed.